No. 66,813

STATE OF KANSAS, *Appellee,* v. JERRELL EDWARD LARRY,
*Appellant.*

(843 P.2d 198)

Opinion filed December 11, 1992.

*B. Kay Huff,* special appellate defender, argued the cause, and *Jessica R. Kunen,* chief appellate defender, was with her on the brief for appellant.

*Jerome A. Gorman,* assistant district attorney, argued the cause, and *Nick A. Tomasic,* district attorney, and *Robert T. Stephan,* attorney general, were with him on the brief for appellee.

The opinion of the court was delivered by

LOCKETT, J.: Jerrell Edward Larry appeals from the denial of his motion to withdraw his guilty plea to murder in the first degree (felony murder). K.S.A. 21-3401. Larry claims the district court abused its discretion in not allowing him to withdraw his guilty plea prior to sentencing.

Shortly after midnight on April 28, 1990, Sean Malloy, his 17-year-old girlfriend, Sara Foulk, and their 4-month-old infant stopped at a Price Chopper foodstore in Kansas City, Kansas. As he was getting out of his automobile, Malloy observed two black

males in the parking lot. He locked the car and went inside. Foulk and the infant remained in the car. Less than five minutes later, Malloy came out of the foodstore to find that his car and baby were gone, and his girlfriend, who had been shot, lay dying on the ground. The car and the infant were recovered at different locations a few hours later.

Jerrell Edward Larry and James Poole separately surrendered to the authorities. Each was charged with aggravated robbery and the felony murder of Sara Foulk. Because of inconsistent defenses, the two were tried separately. Poole, who was tried first, was convicted by a jury of aggravated robbery and found not guilty of felony murder.

Larry's jury trial commenced the 14th day of January, 1991. On the third day of the trial, after the State had rested its case, the State and the defendant informed the trial judge they had reached a plea agreement. As part of the plea agreement, the charge of aggravated robbery was dismissed. In addition, the State agreed to make no comment regarding any issues at defendant's sentencing hearing.

During a trial, a plea of guilty to a felony charge may be accepted when made in open court. Prior to accepting the plea of guilty, the judge must inform the defendant of the consequences of the plea and of the maximum penalty provided by law which may be imposed upon acceptance of such plea. The judge must address the defendant personally and determine that the plea is made voluntarily with an understanding of the nature of the charge and the consequences of the plea. If the court is satisfied that there is a factual basis for the plea, it may be accepted. K.S.A. 22-3210(a)(1)-(3).

Before he pled, Larry complained to the judge that the trial had been unfair because the judge had excluded his witnesses from testifying and wrongly ruled on his motions. The trial judge explained to Larry that those were legal rulings and asked Larry whether he believed the court had personally treated him with prejudice. Larry answered, "No."

After asking questions to determine if Larry's decision to plead was freely, voluntarily, and intelligently made, the judge asked Larry to explain what had happened. Larry stated that after the man left the car, he and Poole attempted to take the car to

joyride. When Larry approached the car, he discovered a young lady in the car. He informed Poole, then told her to get out of the car. She said no. He informed Poole the lady refused. At that time, Poole pulled a gun and told Larry to tell her that he (Poole) had a gun. Larry told her that Poole had a gun. Larry stated he then heard a shot and a window shattering, saw the young lady jump out of the car screaming, run around the car, and then lay down. Larry claimed he did not know she had been shot by Poole. He assumed she had been frightened. As they drove away in the car, Larry asked Poole if he shot her. Poole said, no, she was just scared. After they left the parking lot, Larry discovered the baby in the back seat of the car. They decided to take the baby to the police station, but instead Larry left the baby on the porch of an abandoned house near a police station. Poole then drove to another area where he removed the car's radio. Later, when a police officer observed the car at a service station, Larry jumped out of the car and ran. During a later discussion with Larry's sisters and the sisters' friends, Poole admitted he had shot the woman. Larry and Poole eventually decided to surrender to the police.

The judge accepted Larry's plea, finding it was freely, voluntarily, and intelligently made, then dismissed the jury. Sentencing was deferred to a later date. Prior to sentencing, Larry filed a motion to withdraw his plea of guilty. At the hearing on his motion, Larry contended his plea was involuntarily induced by the trial judge's misstatements of the law, the judge's refusal to allow his witnesses to testify, and his attorney's insistence that he would be found guilty. The motion to set aside the plea was denied. Larry was sentenced to a term of life imprisonment. Larry appeals the trial judge's denial of his motion to withdraw his guilty plea.

To justify the withdrawal of his plea, on appeal Larry additionally contends that the trial judge should have informed him that he had the right to appeal adverse trial rulings and the judge should have explained that by pleading guilty he waived his right to have an appellate court review erroneous trial rulings. Larry asserts that if informed of the right to appeal, he would not have entered a plea, and if found guilty, he would have appealed the

judge's erroneous trial rulings. Was the sentencing judge required to inform Larry of a right to appeal after Larry pled guilty?

An appeal may be taken by the defendant as a matter of right from any judgment against the defendant in the district court. A defendant is required to be sentenced without unreasonable delay after conviction by a judge or jury. After imposing sentence in a case which has gone to trial on a plea of not guilty, the court must advise the defendant of the right to appeal. K.S.A. 22-3424(5). A defendant, however, may not appeal from a judgment of conviction upon a plea of guilty or nolo contendere. K.S.A. 22-3602(a).

A guilty plea is an admission of the truth of the charge and every material fact alleged. *United States v. Broce*, 488 U.S. 563, 569, 102 L. Ed. 2d 1, 109 S. Ct. 202 (1989). A plea of guilty, for good cause shown and within the discretion of the court, may be withdrawn at any time before sentence is adjudged. K.S.A. 22-3210(d). The appropriate standard for review is whether the trial court abused its discretion in refusing to allow withdrawal of the guilty plea. To justify a motion to withdraw the plea prior to sentencing, the motion should allege that the defendant is not guilty of the offense charged; that the plea was made because of fraud, duress, mutual mistake, or lack of understanding of the charge and the effect of the plea. *State v. Nichols*, 167 Kan. 565, Syl. ¶ 5, 207 P.2d 469 (1949).

Larry asserts because there was good cause to set aside his plea, the district judge abused his discretion in not allowing him to withdraw his guilty plea. Judicial discretion is abused when judicial action is arbitrary, fanciful, or unreasonable, which is another way of saying that discretion is abused only when no reasonable person would take the view adopted by the trial court. If reasonable persons could differ as to the propriety of the action taken by the trial court, then it cannot be said that the trial court abused its discretion. *State v. Martin*, 237 Kan. 285, Syl. ¶ 2, 699 P.2d 486 (1985). A party claiming an abuse of trial court discretion bears the burden of showing abuse of discretion. *Falls v. Scott*, 249 Kan. 54, 63, 815 P.2d 1104 (1991).

Larry first argued in the district court that the district judge erroneously misstated the law. At the sentencing hearing, the judge informed the defendant: "Since this is a felony murder, it

doesn't make any difference who shot the victim as long as that victim was shot and killed during the perpetration of the robbery. Do you understand that?" Larry answered, "Yes." Later, the court advised Larry that he was pleading "to the fact that during the perpetration of the crime of aggravated robbery someone was killed."

Larry asserts the court's misstatement of criminal liability for felony murder caused him to make an unknowing and unintelligent waiver of his right to a trial. Larry states that all he intended was to joyride and he did not have the gun. He surmises that if he had not pled guilty, the jury might have decided that he was not responsible for Poole shooting the young lady, disregarded the judge's instruction of the law, and found him guilty of a lesser offense.

Larry's claim that the judge misstated the law is incorrect. Felony murder in the first degree is the killing of a human being committed in the perpetration of or attempt to perpetrate any felony. K.S.A. 1989 Supp. 21-3401. This argument also disregards that both the evidence adduced at trial and admitted in Larry's plea of guilty is sufficient for a reasonable factfinder to find beyond a reasonable doubt that Larry was guilty of felony murder and aggravated robbery.

Larry next claims the trial judge's refusal to allow his witnesses to testify deprived him of his right to present a defense. Larry attempted to call Poole and others who allegedly had heard Poole state that Poole had shot the woman in the car. The trial judge excluded Poole's testimony because Poole claimed his Fifth Amendment right not to testify.

Poole had testified during his own trial that Larry, not Poole, had fired the fatal shot. When Poole was informed that he would be called to testify in Larry's trial, Poole's attorney informed the judge his client would take the Fifth Amendment to keep from perjuring himself. The trial judge found Poole would not be available for cross-examination and excluded his testimony.

The Fifth Amendment operates only where a witness is asked to incriminate himself or herself; that is, to give testimony which could possibly expose him or her to a criminal charge. *Ullmann v. United States,* 350 U.S. 422, 431, 100 L. Ed. 511, 76 S. Ct. 479, *reh. denied* 351 U.S. 928 (1956). Poole's subsequent testi-

mony about the crime for which he had already been charged and found guilty could not expose him to further criminal charges. Here, Poole claimed that if he testified under oath in Larry's trial, his testimony might subject him to the crime of perjury. Under these circumstances, the trial judge's refusal to require Poole to be called to the stand as a witness and then allowed to take the Fifth Amendment was correct.

The trial judge also excluded testimony of Larry's sisters and their friends. Prior to surrendering to the authorities, Poole and Larry had discussed with these witnesses what had occurred. Poole admitted to the witnesses that he had fired the fatal shot. The trial judge determined that because of the relationship between Larry and his witnesses, the witnesses' testimony would be unreliable hearsay.

Evidence of a statement which is made other than by a witness while testifying at the hearing, offered to prove the truth of the matter stated, is hearsay evidence and inadmissible. K.S.A. 1991 Supp. 60-460. Larry admits that although Poole's statement to the witnesses is hearsay, it was a declaration against Poole's interest and admissible under K.S.A. 1991 Supp. 60-460(j). That exception makes admissible a statement which the judge finds so far subjected the declarant to civil or criminal liability at the time of the assertion, that the declarant would not have made the statement unless it was true.

Larry claims that the trial judge, rather than finding that the statement was not against Poole's interest, usurped the jury's function to weigh that evidence. We agree. But that fact does not entitle Larry to a new trial. That evidence if admitted, would be sufficient for the jury to find the defendant guilty of the offenses charged.

A review of all of the evidence adduced or wrongfully excluded during the trial is sufficient to convict the defendant of the charges contained in the information. The plea was not entered because of fraud, duress, mutual mistake, or lack of understanding of the charge and the effect of the plea. Larry has failed to show that the judge abused his discretion by refusing to allow the withdrawal of the plea prior to imposing sentence.

Affirmed.