No. 71,882

STATE OF KANSAS, *Appellee*, v. JOE JOHNSON, III, *Appellant.*
(907 P.2d 140)

Opinion filed December 8, 1995.

*Benjamin C. Wood*, of Lawrence, argued the cause and was on the brief for appellant.

*Anthony W. Mattivi*, assistant district attorney, argued the cause, and *Joan M. Hamilton*, district attorney, and *Carla J. Stovall*, attorney general, were on the brief for appellee.

The opinion of the court was delivered by

McFARLAND, C.J.: Pursuant to a plea agreement, Joe Johnson, III, was convicted of aggravated kidnapping (K.S.A. 21-3421), first-degree murder (K.S.A. 1992 Supp. 21-3401), and theft (K.S.A. 21-3701), for which he received two life sentences and a 1- to 5- year sentence, to run consecutively.

On April 25, 1993, defendant, one of his brothers, his sister, and the sister's boyfriend murdered 16-year-old Amanda Gardner in Topeka, Kansas, to obtain the victim's automobile. The murder was premeditated and particularly brutal. Defendant's sister, Donice M. Johnson, pled guilty to aggravated kidnapping and first-degree murder. We affirmed her convictions in *State v. Johnson*, 258 Kan. 100, 899 P.2d 484 (1995). Although the convictions of defendant and his codefendant sister were each by guilty pleas, the issues in the two appeals are uniquely interrelated and focus on the sen-

tencing of Donice. Defendant does not contend that the entry of his plea and the sentences imposed upon him were, in any respect, improper or violative of the plea agreement into which he entered. Rather, he contends that his pleas were conditioned upon his understanding that no one would be permitted to argue in favor of consecutive life sentences for Donice. He contends this condition was violated by the letters received by the district court from the public and the victim's family as well as the statements made at sentencing by the victim's sister on behalf of the Gardner family.

Both defendant and Donice were present at the joint proceeding in which their pleas were accepted on June 28, 1993. Defendant's plea was heard first. The State made a statement as to what the plea agreement was, which made no reference to Donice. The following then occurred between the district court and defendant:

"THE COURT: Thank you. Now, I will ask first, Mr. Johnson, did you understand and hear the statements of the attorneys and particularly the district attorney regarding plea negotiations? Did you hear those statements and did you understand them?

"THE DEFENDANT: Uh-huh, yes.

"THE COURT: All right. And were the negotiations stated fully and correctly, as far as you're concerned?

"THE DEFENDANT: Yes.

"THE COURT: Now, do you understand then that the agreement would be that you would plea guilty as charged to Counts 1, 2 and 3? That is Count 1 aggravated kidnapping, Count 2 murder in the first degree and Count 3 theft. The State would be asking that those sentences be served consecutively and that they will be asking for life sentences on the first two counts to be served consecutively, which would be a total of thirty years and then they would ask for a consecutive sentence on the theft Count 3, which would add another half year so that the total sentence would be thirty and a half years for parole eligibility, do you understand?

"THE DEFENDANT: Yeah.

"THE COURT: All right. Have there been any other promises made to you regarding your pleas in this case, other than the ones stated in open Court?

"THE DEFENDANT: No.

"THE COURT: Have you been coerced or threatened in any way?

"THE DEFENDANT: No."

Although defendant waived formal reading of the complaint, the district court read the complaint to him. A factual basis for the plea was established, and defendant then pled guilty to the charges. The

district court proceeded with Donice's pleas. In exchange for Donice's guilty pleas to first-degree murder and aggravated kidnapping, the State agreed: (1) to dismiss a theft charge; (2) not to ask the court for the "hard 40" or to proceed to trial on the "hard 40"; and (3) to take no position as to whether concurrent or consecutive sentences should be imposed. As both crimes were class A felonies with life being the only possible sentence of incarceration, the only issue at sentencing would be concurrent versus consecutive life sentences. After making proper inquiry of Donice and receiving appropriate responses, her pleas were accepted.

The sentencing of both defendant and Donice was set for August 24, 1993. On the day set for sentencing, defendant filed a motion to withdraw his guilty pleas, stating in pertinent part:

"3. The defendant's Counsel and State's Attorney knew and understood that pleas in the instant case and co-defendant Donice Johnson were contingent upon what happened in the other case, that is that both would have to plea or there would be no deals and that the defendant would not plead unless Donice Johnson had a good opportunity to receive a single life sentence.

"4. The defendant entered his plea believing that Donice Johnson would receive a life sentence in that Donice Johnson's plea included the state agreement to take no position on concurrent or consecutive sentences.

"5. The State has in violation of this agreement either caused or allied with the victim's family in an attempt to get consecutive sentences in direct opposition to its stated plea position."

This motion was apparently triggered by the large amount of correspondence received by the district court from the public specifically requesting that Donice be given consecutive sentences. These letters had been the subject of a July 14, 1993, hearing. At that time, the district court had ruled that letters from the victim's immediate family would be delivered to court services, with all other letters to be held by the court reporter. This procedure had been suggested by defendant's counsel.

Defendant's counsel testified at the hearing on defendant's motion to withdraw the plea that as the victim's family had approved the plea agreement, he had assumed the family's position would be consistent with that of the State. The district court reviewed the transcript of the entry of the pleas of defendant and Donice. The district court denied the motion on the ground that insufficient

cause had been given to warrant withdrawal of the plea. Specifically, the court stated: "[T]he presentation of the views of the victim's family inconsistent with the prosecutor's position was not and is not a breach of the plea agreement." Additionally, the court found that defendant had not alleged that he was innocent of the offenses charged or that his plea was made because of fraud, duress, or mutual mistake, as required by *State v. Larry*, 252 Kan. 92, 843 P.2d 198 (1992). Sentence was then pronounced. No claim of error is made as to the sentencing procedure utilized or to the sentences imposed.

## Standard of Review

K.S.A. 22-3210 sets forth the procedures for acceptance and withdrawal of guilty or nolo contendere pleas as follows:

"(a) Before or during trial a plea of guilty or *nolo contendere* may be accepted when:

(1) The defendant or counsel for the defendant enters such plea in open court; and

(2) in felony cases the court has informed the defendant of the consequences of the plea and of the maximum penalty provided by law which may be imposed upon acceptance of such plea; and

(3) in felony cases the court has addressed the defendant personally and determined that the plea is made voluntarily with understanding of the nature of the charge and the consequences of the plea; and

(4) the court is satisfied that there is a factual basis for the plea.

"(b) In felony cases the defendant must appear and plead personally and a verbatim record of all proceedings at the plea and entry of judgment thereon shall be made.

. . . .

"(d) A plea of guilty or *nolo contendere*, for good cause shown and within the discretion of the court, may be withdrawn at any time before sentence is adjudged. To correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw the plea."

The appropriate standard of review is whether the district court abused its discretion in refusing to allow withdrawal of the guilty plea. To justify a motion to withdraw the plea prior to sentencing, the motion should allege that defendant is not guilty of the offense charged and that the plea was made because of fraud, duress, mu-

tual mistake, or lack of understanding of the charge and the effect of the plea. *State v. Larry*, 252 Kan. at 95.

Judicial discretion is abused when judicial action is arbitrary, fanciful, or unreasonable, which is another way of saying that discretion is abused only when no reasonable person would take the view adopted by the trial court. If reasonable persons could differ as to the propriety of the action taken by the trial court, then it cannot be said that the trial court abused its discretion. A party claiming an abuse of trial court discretion bears the burden of showing abuse of discretion. 252 Kan. at 95.

Defendant directs our attention to *Morrow v. State*, 219 Kan. 442, 548 P.2d 727 (1976), and *Kelsey v. United States*, 484 F.2d 1198 (3d Cir. 1973), cited therein. There, Morrow filed a K.S.A. 60-1507 petition requesting that he be allowed to withdraw his guilty plea. The issue in that case was whether "an 'illegal' threat and a meaningless promise made by the prosecutor and acquiesced in by the defense counsel" brought the voluntariness of Morrow's guilty plea into question. 219 Kan. at 445. We held that it did and remanded the case for a hearing on the 60-1507 motion.

*Morrow* itself is distinguishable on its facts. First, Morrow was requesting withdrawal of his guilty plea after sentencing. Second, during the plea negotiations, Morrow was threatened with maximum consecutive sentences on the four counts charged. The State had also promised to dismiss three of the charges as part of the plea agreement. In actuality, Morrow could only have been convicted of one of the charges because the three dismissed counts were lesser included offenses.

As previously noted, the case before us is quite unique as defendant makes no claim that any aspect of the entry of his plea or the imposition of his sentences is erroneous or involves an abuse of discretion.

The district court went through the plea agreement with defendant before accepting his plea. Upon direct inquiry by the court, defendant acknowledged those were the terms he agreed to. As the district court noted, this is contrary to defendant's allegations relative to the withdrawal of his plea.

Defendant and his counsel were present when Donice entered her plea of guilty. At that hearing, the State specifically advised the court that the plea agreement was as follows:

"Your Honor, the State has entered into negotiations on this case with Miss Donice Johnson. The State has agreed to dismiss only Count 3, which is the theft. [Donice] has agreed to plead guilty to Count 1 and 2, which is the aggravated kidnapping and the murder in the first degree. In exchange for those two pleas of guilty, the State has agreed not to ask the Court for the hard forty or proceed to trial on the hard forty and as well will take no [position] as to concurrent or consecutive sentences. That's for the State. *The family can request what they want.* Again, the State would like to tell the Court that I have discussed this thoroughly with the victim's family and they are in agreement with the negotiations." (Emphasis supplied.)

Neither defendant nor his attorney made any objection thereto. Defendant's position is that neither he nor his attorney was paying attention when the State set forth the terms of its plea agreement as to Donice.

It is interesting that in her appeal (*State v. Johnson*, 258 Kan. 100), Donice made no claim of error relative to the letters. Her issue was that the State violated the plea agreement at sentencing by emphasizing in its oral argument the brutal facts of the crime, which was tantamount to requesting consecutive sentences. The district court held that the State was "perilously close" to such a violation, admonished the State, and proceeded with the sentencing. We affirmed the district court.

It is rather clear from the record that the victim's family had generated many of the letters that were received. The victim's sister, on behalf of the family, spoke at the sentencings herein and requested that consecutive sentences be imposed on Donice. Art. 15, § 15 of the Constitution of the State of Kansas gives victims of crime the right to be heard at the sentencing of those by whom they have been victimized. See also K.S.A. 74-7335, which defines victims of crime to include survivors. Defendant does not contend the family had no right to be heard.

We find no abuse of judicial discretion in the district court's determination that defendant had failed to show good cause why he should be permitted to withdraw his plea. As previously noted,

the district court relied in part on *State v. Larry*, 252 Kan. 92, Syl. ¶ 4, wherein we held:

"To justify a motion to withdraw a plea prior to sentencing, the motion should allege that the defendant is not guilty of the offense charged and that the plea was made because of fraud, duress, mutual mistake, or lack of understanding of the charge and the effect of the plea."

Defendant's motion did not allege that he was not guilty of the offenses charged or that the plea was made because of fraud, duress, mutual mistake, lack of understanding of the charge and the effect of the plea. However, defendant contends he had ineffective assistance of counsel. The claim was raised only perfunctorily in the district court. The district court found defendant's counsel was an able and experienced attorney and that there was no basis on which to ground a motion to withdraw the plea herein based upon ineffective assistance of counsel. Defendant has failed to carry his burden of showing the district court abused its judicial discretion in denying defendant's motion to withdraw his guilty plea.

The judgment is affirmed.