No. 85,624

STATE OF KANSAS, *Appellee*, v. ALBERTO VASQUEZ a/k/a JESSE FLORES, *Appellant*.

(36 P.3d 246)

Opinion filed December 7, 2001.

*Richard Ney*, of Law Offices of Richard Ney, of Wichita, argued the cause and was on the brief for appellant.

*Keri A. Kish*, assistant county attorney, argued the cause, and *Carla J. Stovall*, attorney general, was with her on the brief for appellee.

The opinion of the court was delivered by

ALLEGRUCCI, J.: Alberto Vasquez appeals from the district court's denial of his motion to withdraw his plea of guilty to premeditated first-degree murder. The sole issue on appeal is whether the trial court erred in refusing to allow Vasquez to withdraw his guilty plea prior to sentencing.

Defendant Alberto Vasquez and the victim, Maria Lorena Garcia, lived together in Dodge City, Kansas. On January 18, 1999, Garcia told defendant that she intended to leave him and move out of state.

The following day, Garcia and one or two other women were in the house that defendant and the victim had shared. They saw defendant sitting outside in his car. He was upset, drinking, and crying. When defendant left, the women left the house to go see a friend.

When the women returned, defendant was standing on the porch with his arms crossed over his chest and his hands concealed in his armpits. He moved toward the women and shouted at the two women who accompanied Garcia. He asked, "Why did you take her from me? Why did you do it?"

Defendant then ran to Garcia and began striking her. One of the women who witnessed the attack believed at first that defendant was hitting Garcia, but after the third or fourth blow realized that defendant had a knife in his hand and was stabbing Garcia.

Garcia died as the result of at least 16 stab wounds in her neck and chest. Investigation showed that a knife was missing from the kitchen of the house where the defendant and Garcia had lived.

The defendant fled to Missouri. He was driving a car stolen from Ford County, Kansas, when he was arrested.

The record shows that Vasquez was charged with one count of premeditated first-degree murder and one count of felony theft. On January 26, 2000, defendant entered a plea of guilty to the murder charge. At that time, the State dismissed the theft count. On April 6, 2000, Vasquez filed a motion seeking leave to withdraw his guilty plea. Finding that defendant had failed to show good cause why he should be permitted to withdraw his plea of guilty, the district court denied the motion. On May 5, 2000, defendant was sentenced to life imprisonment.

K.S.A. 2000 Supp. 22-3210(d) provides: "A plea of guilty or *nolo contendere*, for good cause shown and within the discretion of the court, may be withdrawn at any time before sentence is adjudged." The trial court's denial of a motion to withdraw a plea of guilty will be reversed only if the trial court abused its discretion. *State v. Baldwin*, 28 Kan. App. 2d 550, Syl. ¶ 2, 18 P.3d 977 (2001). Judicial discretion is abused only when no reasonable person would take the view adopted the by the trial court. *State v. Williams*, 268 Kan. 1, 8, 988 P.2d 722 (1999).

The argument defendant made in the district court for being allowed to withdraw the plea was different from the arguments on appeal. In the trial court, defendant's written motion for permission to withdraw his plea alleged a discrepancy between the actual length of the sentence possible under the plea agreement and defendant's understanding of the length of the sentence possible under the plea agreement. Defendant's motion stated:

"3. That the defendant believes either that he was misled or that the agreement was not adequately explained to him.

"4. That the *defendant understood the sentence he was to receive based on his plea was to be from 25 years to life in prison*; but the minimum sentence the Court would be required to impose based upon the defendant's plea was life in prison with parole eligibility after twenty-five years.

"5. That *defendant further understood that his counsel would work toward a plea agreement that would result in a sentence of less than twenty-five years or deportation*; that defendant wrote what his counsel told him to write on the plea bargain agreement form and signed it because he was told that it would help him.

"6. That the defendant believes that the above stated differences are substantial and he would not have entered the plea had he correctly *understood the sentence he would receive*." (Emphasis added.)

On appeal, the arguments concentrate more on possible explanations for defendant's failing to understand the sentencing aspect of the plea agreement than on his misunderstanding itself. Vasquez contends that his mental/emotional instability and his inability to understand/lack of understanding of the meaning and consequences of his plea add up to good cause why he should have been permitted to withdraw his plea of guilty. He cites the following factors: severe, suicidal depression; hallucinations; brain damage and resulting seizure disorder; minimal education; IQ of 70; and reliance on an interpreter in communications with his attorney.

The State first argues that the trial court's ruling must be affirmed because defendant's motion failed to allege that he was not guilty of the offense charged. The State further contends that there was no abuse of the trial court's discretion.

For the proposition that a presentence motion to withdraw a guilty plea may be denied on the single ground that defendant failed to include the allegation that he or she is not guilty of the charged offense, the State cites *State v. Christensen*, 23 Kan. App. 2d 910, 912, 937 P.2d 1239 (1997)(disapproved on other grounds, *State v. Bolin*, 266 Kan. 18, 968 P.2d 1104 [1998]), and *State v. Johnson*, 258 Kan. 607, 610-11, 907 P.2d 140 (1995). Both of those cases state that "the motion *should* allege that the defendant is not guilty of the offense charged," but neither treats such an allegation as an absolute requirement to the success of a motion to withdraw a plea.

In *State v. Nichols*, 167 Kan. 565, Syl.¶ 5, 207 P.2d 469 (1949), the court stated with regard to a motion to withdraw a plea of

guilty: "Normally it should allege the defendant is not guilty of the offense charged; that the plea was made because of fraud, duress, mutual mistake, or lack of understanding of the charge and the effect of the plea." No authority is cited. In the text of the opinion, the court stated:

"When the accused is represented by capable counsel and the [guilty] plea is freely, fairly and intelligently made, and its consequences understood, it should not be set aside. When some or all of these facts are lacking, common justice may authorize or require the setting aside of the plea. The appropriate method of seeking to have that done is for defendant to file a motion in the same court and in the same case in which the plea was entered. The motion should set up the facts in issuable form showing or tending to show grounds upon which the plea should be set aside. Ordinarily it is required to allege that the defendant is not guilty of the crime charged. The time of the filing of the motion, whether before or after the sentence, is not controlling." 167 Kan. at 577-78.

No authority is cited.

When *Nichols* was decided, there was no statute "specifically pertaining to motions to withdraw pleas of guilty in criminal cases." 167 Kan. 565, Syl. ¶ 4. In the absence of a statute, a matter was "handled in each case upon principles of natural justice as applied to the facts of the case and the legal situation." 167 Kan. 565, Syl. ¶ 4. In 1970, the legislature enacted a Kansas code of criminal procedure which included the provision that still governs presentence withdrawal of a plea of guilty or nolo contendere. L. 1970, ch. 129, § 22-3210(7).

It was not until 1992 that this court cited *Nichols* for the proposition that, in order to justify a motion seeking leave to withdraw a plea before sentencing, "the motion should allege that the defendant is not guilty of the offense charged." *State v. Larry*, 252 Kan. 92, Syl. ¶ 4, 843 P.2d 198 (1992). The qualifying words, normally and ordinarily, that were part of the statements in *Nichols* do not appear in *Larry*. The pertinent syllabus paragraph of *Larry* was quoted in *State v. Johnson*, 258 Kan. 607, Syl. ¶ 2, 907 P.2d 140 (1995), and in the text of the opinion, 258 Kan. at 610-11. The pertinent text of *Johnson* was restated in *State v. Taylor*, 266 Kan. 967, 976, 975 P.2d 1196 (1999).

In neither *Larry* nor *Johnson* does the lack of an allegation that defendant was not guilty of the offense charged seem to have been pivotal in the court's affirmance of the trial court's denial of the motion to withdraw. Of greater significance to this discussion is that, in *Taylor*, the defendant's motion failed to allege that he was not guilty as charged, and yet this court found that the trial court abused its discretion in refusing to permit defendant to withdraw his plea and reversed and remanded for a new hearing. In a recent case that cites *Taylor* for factors to be considered in evaluating a motion to withdraw a plea before sentencing, there is no mention of an allegation that the defendant is not guilty of the offense charged. *State v. Bey*, 270 Kan. 544, 545, 17 P.3d 322 (2001).

It is apparent that this court does not require an allegation that defendant is not guilty as charged as a prerequisite for withdrawing a plea of guilty or nolo contendere prior to sentencing. Nor is there such a requirement in the statute, which bases withdrawal on good cause shown and on the discretion of the trial court.

In any event, it should be noted in the present case that within 30 days of arraignment defendant filed a notice that he intended to assert the defense that, as a result of mental disease or defect, he lacked the mental state required as an element of the offense charged. Thus, the court and opposing counsel were on notice of defendant's initial position that he was not guilty as charged.

Appellant states that the question for this court is whether good cause was shown. He contends that good cause has not been defined and directs the court's attention to federal cases for guidance. Federal Rule of Criminal Procedure 32(e) provides: "If a motion to withdraw a plea of guilty or nolo contendere is made before sentence is imposed, the court may permit the plea to be withdrawn if the defendant shows any fair and just reason." Defendant would equate "any fair and just reason" with the phrase "for good cause shown" from K.S.A. 2000 Supp. 22-3210(d). He also brings cases from other states' courts to this court's attention. The common lesson he would draw from the foreign cases is that a presentence motion to withdraw is to be viewed with liberality.

Specifically addressing his own circumstances, Vasquez urges the court to take into account the "troubling picture" of his own

mental status in the months before he entered his plea of guilty to premeditated first-degree murder on January 26, 2000. Review of the record shows that opinions vary as to defendant's mental condition.

Vasquez was examined at Larned State Security Hospital in May 1999 and found competent to stand trial. On June 4, 1999, he was returned to custody in Ford County. That day he attempted suicide in his cell and was returned to Larned State Security Hospital, where he was re-evaluated. On June 14, 1999, the hospital staff met in conference with Vasquez. Dr. Fernando reported to the court:

"When seen at the staff conference, apart from the dysthymic mood, Mr. Vasquez appeared to be well oriented and his memory and cognitive functioning appeared to be within normal limits. As he had done previously, he showed understanding of his present charges and the consequences of being found guilty. He indicated the willingness and the need to work with an attorney in his case although when asked what he needed assistance with, Mr. Vasquez did not respond. It is the opinion of the staff that Mr. Vasquez understands his charges and the consequences of being found guilty. He has the capability and the stability which would enable him to assist his attorney in formulating and presenting a legal defense. Therefore, it is the opinion of the staff Mr. Vasquez still fulfills the criteria to be considered competent to stand trial (which was also indicated in the previous port of May 26, 1999).

"A review of his mental status indicated Mr. Vasquez, while having a dysthymic mood which is directly connected to his present legal situation, has no known psychiatric history; although the mood is dysthymic at this time, there is no report of Mr. Vasquez previously suffering from a major mood disorder. Review also indicate[s] his action on attempting to harm himself is directly related to his understanding of the severity of the charges that are leveled against him, possible lengthy imprisonment, and his reluctance to face those charges. It is also believed his behavior is due to an impaired judgmental process which he is manipulating in order to avoid the consequences of his charges. It is also noted that the probability of him repeating these behaviors of self-harm is high (considering his behavior pattern) and it is recommended that measures be taken to prevent such behaviors."

Defense counsel also sought and obtained leave for defendant to be examined and psychologically evaluated by Robert W. Barnett, a licensed psychologist. Barnett interviewed and examined Vasquez with the translation services of Ms. Soto, a court bailiff in Ford County District Court. The examination took place on August

3, 1999, at the Ford County Jail. Barnett found Vasquez in a major depression, and he observed that, if the Larned State Security Hospital's assessment of dysthymic mood was accurate, defendant's mood had deteriorated in the intervening 2 months. Aside from severe depression, Barnett's findings were not remarkable. He stated: "In my clinical opinion, Mr. Vasquez does not suffer from any psychotic disorder and any psychotic symptoms that he [is] experiencing now, such as auditory hallucinations, are the result of his major depressive episode." Vasquez did poorly on the intelligence evaluations, but Barnett suggested that the score "may underestimate his intellectual potential due to translation difficulties and [defendant's] lack of motivation." Barnett noted that the results of defendant's visual motor test "are suggestive of moderate organic brain dysfunction," perhaps from asphyxiation during his suicide attempt.

On appeal, defendant seems to argue that Barnett's report constitutes good cause why Vasquez should have been permitted to withdraw his plea and ought to be the basis for this court's concluding that the trial court abused its discretion in refusing to permit withdrawal. The only reason contained in Barnett's report that might constitute good cause for Vasquez being permitted to withdraw his plea of guilty is his severe depression. Vasquez has brought no cases to the court's attention in which depression alone was the basis for withdrawal of a plea of guilty or nolo contendere. Barnett's report does not support defendant's reliance on the other factors—hallucinations, brain damage and resultant seizure disorder, minimal education and 70-point IQ, and inability to speak English—as constituting good cause for withdrawal of his guilty plea. Barnett linked Vasquez' reported auditory hallucinations to his depression and ruled out psychosis. Barnett suggested a possibility of a seizure disorder based on Vasquez' reported childhood incident and a rare possible link between a seizure disorder and violent behavior. Barnett stated that Vasquez should be evaluated by a neurologist with regard to these possibilities. Further evaluation was neither requested nor conducted. Barnett suggested that Vasquez' intellectual ability was greater than his test score indicated.

On appeal, defendant attempts to portray his reliance on a translator as adversely affecting his understanding of the proceedings. However, he points to nothing in the record that would show that doubts or complaints or questions about the translations were raised in the trial court. Indeed, as the plea proceedings got underway, the trial court asked if there were any objections to the previously established qualifications of the interpreter, and defense counsel said, "I have none." Nor was any claim made against the interpreters or their translations at the hearing on defendant's motion to withdraw his plea of guilty. Generally, an issue not presented to the trial court will not be considered for the first time on appeal. See *State v. Smith*, 268 Kan. 222, 243, 993 P.2d 1213 (1999). Also, on appeal Vasquez seems to have abandoned the claim he relied on in the trial court of a specific misunderstanding of the length and terms of his sentence. Moreover, review of the transcript of the plea proceeding shows that the misunderstanding singled out in the motion to withdraw was discussed with defendant, which led to his agreeing on the record that he understood that his sentence was life imprisonment and that he would be eligible for parole after serving 25 years.

Affirmed.