(930 P.2d 1089)

No. 75,143

STATE OF KANSAS, *Appellee,* v. DARRYL S. FORD, *Appellant.*

Opinion filed December 20, 1996.

*Hazel Haupt,* assistant appellate defender, and *Jessica R. Kunen,* chief appellate defender, for appellant.

*Delia M. York,* assistant district attorney, *Nick A. Tomasic,* district attorney, and *Carla J. Stovall,* attorney general, for appellee.

Before RULON, P.J., MARQUARDT, J., and C. FRED LORENTZ, District Judge, assigned.

MARQUARDT, J.: Darryl S. Ford appeals from the district court's denial of his motion to withdraw his guilty plea to one count of attempted robbery and two counts of theft.

The State charged Ford with one count of robbery, two counts of theft of property of a value of less than $500, and one count of forgery. Pursuant to a plea agreement, the State filed an amended information, charging Ford with one count of attempted robbery and two counts of theft of property of a value of less than $500.

At the plea hearing, the district court read the amended information to Ford and made sure that Ford understood the constitutional rights he would give up by entering a guilty plea.

"THE COURT: You heard what they've talked about in regards to what they dismissed and what they believe your sentence may or may not be. I need to make sure you understand this, that even though there's that plea agreement between the State and your attorney, a court—the court's not bound by that agreement. It could still do what it thought was right regarding your case. Do you understand that?

"THE DEFENDANT: Yes, sir.

"THE COURT: Knowing that, do you still want to plead guilty?

"THE DEFENDANT: Yes, sir."

The district court then informed Ford of the maximum sentence that he could receive on each count. As to the attempted robbery charge, the following exchange took place:

"THE COURT: . . . [T]his is a severity level seven crime. The way the Court sentences defendants now depends on the severity level of the crime they're convicted of, for you, severity level seven, and your criminal history. I don't know if you have one or not. But there would be a presentence investigation report done on you and it would show what your criminal history was. If you had no record, then you'd be sentenced under criminal history I, and there's the possibility you could be sentenced anywhere from eleven to thirteen months, and in that box [there is] also a presumption for probation. Now, if you go all the way across that line to criminal history A which means you have three or more person felonies in

your criminal history, then there is a possibility you could be sentenced anywhere from thirty, thirty-two, or thirty-four months, and that box is imprisonment. And knowing that's the possible range that you might receive, are you still pleading guilty to this—these crimes?
"THE DEFENDANT: Yes, sir."

The presentence investigation (PSI) report indicated that Ford had two previous person felonies and that his criminal history score was a B. Ford's criminal history score removed him from the presumptive probation block of the sentencing guidelines grid. See K.S.A. 21-4704. After receiving the PSI report, Ford moved for a continuance of his scheduled sentencing and challenged his criminal history. Ford subsequently filed a motion to withdraw his plea.

At the hearing on Ford's motion to withdraw his plea, the State and defense counsel both indicated that the "NCIC read-out" which was in the State's file at the time of the plea negotiations indicated that Ford had only one person felony. Ford argued at the sentencing hearing that he had pled guilty because he believed that he had a chance of getting probation.

During the hearing to accept his plea, the district court had asked Ford, "Has anyone promised you, guaranteed you probation in regards to this plea?" Ford responded, "No, sir."

Ford admitted that he knew of his prior convictions but stated that he did not understand whether these were considered to be person or nonperson felonies. Defense counsel argued that it was fundamentally unfair to shift the burden to Ford to determine whether his criminal history contained person or nonperson felonies prior to pleading guilty.

The district court denied Ford's motion to withdraw his plea. It then sentenced him to 29 months in prison on the attempted robbery charge and 12 months in county jail on each of the theft charges, with the three sentences to run concurrently.

Ford argues that the district court abused its discretion in refusing to allow him to withdraw his guilty plea because the State and defense counsel believed that his criminal history contained only one person felony at the time of his plea when it actually contained two.

A district court's denial of a motion to withdraw a plea will be reversed only if the district court abused its discretion. See *State v. Johnson*, 258 Kan. 607, 610, 907 P.2d 140 (1995). If reasonable persons could disagree as to the propriety of the decision of the district court, then the district court did not abuse its discretion. *Johnson*, 258 Kan. at 611.

K.S.A. 22-3210(d) provides:

"A plea of guilty or *nolo contendere*, for good cause shown and within the discretion of the court, may be withdrawn at any time before sentence is adjudged. To correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw the plea."

Ford moved to withdraw his plea before sentence was imposed. "To justify a motion to withdraw the plea prior to sentencing, the motion should allege that defendant is not guilty of the offense charged and that the plea was made because of fraud, duress, mutual mistake, or lack of understanding of the charge and the effect of the plea." *Johnson*, 258 Kan. at 610-11.

"In determining whether a defendant should be allowed to withdraw his plea, the trial court should consider whether the defendant was represented throughout by competent counsel; whether he was misled, coerced, mistreated, or unfairly taken advantage of; and whether his plea was freely, fairly, and understandingly made." *State v. Hill*, 247 Kan. 377, 385, 799 P.2d 997 (1990).

K.S.A. 21-4707(c)(4) addresses the discovery of prior convictions subsequent to the acceptance of a guilty plea:

"The offense severity level of a crime for which the court has accepted a plea of guilty or nolo contendere pursuant to K.S.A. 22-3210 and amendments thereto, or of a crime of which the defendant has been convicted shall not be elevated or enhanced for sentencing purposes as a result of the discovery of prior convictions or any other basis for such enhancement subsequent to the acceptance of the plea or conviction. *Any such prior convictions discovered after the plea has been accepted by the court shall be counted in the determination of the criminal history of the offender.*" (Emphasis added.)

Thus, the Kansas Sentencing Guidelines Act provides that any prior convictions discovered after a plea has been accepted shall be counted in a defendant's criminal history. It should be noted that Ford never alleged that he was not guilty. However, the ques-

tion remains as to whether Ford's plea should be deemed involuntary because he relied on the criminal history information that was provided by the State.

When accepting a plea of guilty in a felony case, the district court must inform the defendant of the consequences of the plea including the specific sentencing guidelines level of the crime and the maximum penalty that may be imposed upon acceptance of the plea. *State v. Reed*, 248 Kan. 506, 508, 809 P.2d 553 (1991). The district court must also address the defendant personally and determine that the plea is being made voluntarily with understanding of the nature of the charge and the consequences of the plea. K.S.A. 22-3210(a)(3). These federal constitutional protections apply to the states through the Due Process Clause. *Boykin v. Alabama*, 395 U.S. 238, 243, 23 L. Ed. 2d 274, 89 S. Ct. 1709 (1969); *State v. Shaw*, 259 Kan. 3, 10, 910 P.2d 809 (1996); *Reed*, 248 Kan. at 508. If a plea is induced by promises or threats that deprive it of its voluntary character, it is void, and the conviction is open to collateral attack. *White v. State*, 203 Kan. 687, 690, 455 P.2d 562 (1969).

Ford argues that his plea was not "intelligently" made because he relied on the representation of the State as to his criminal history at that time. There is no recourse for a plea unintelligently made.

Ford also argues that the Kansas system of advising a defendant of the entire range of punishment possible for an offense is too broad to support a knowing plea. In Kansas, due process requires that the district court inform a defendant of the maximum possible sentence. K.S.A. 22-3210(a)(2); *Reed*, 248 Kan. at 508. Here, the district court complied with this requirement. While it may be preferable to require the State to present an accurate criminal history prior to the district court accepting a plea bargain, due process does not require that this be done.

Under K.S.A. 21-4707(c)(4), prior convictions discovered after a plea has been accepted are properly considered in a defendant's criminal history at sentencing.

Ford argues that a plea bargain is a contract between a defendant and the State and that a defendant may obtain specific performance of promises made by the prosecution in exchange for a guilty

plea. See *State v. Ratley*, 253 Kan. 394, 401, 855 P.2d 943 (1993). Ford argues that "[t]o follow the contract law analogy, the defendant must understand both the burden and the benefit of the bargain before waiving his trial rights."

The flaw in Ford's argument is that he did not contract for a specific sentence or stipulate to a certain criminal history—nor could he. See K.S.A. 21-4713(f) (providing that the State may not agree to exclude prior convictions from the criminal history of a defendant); *State v. Heffelman*, 256 Kan. 384, 395, 886 P.2d 823 (1994) (the district court is not bound in sentencing by any plea agreement a defendant may have reached with the State). Ford agreed to plead guilty in exchange for the robbery charge being reduced to attempted robbery and the forgery charge being dismissed. The State did not breach this agreement.

Ford argues that his guilty plea to attempted robbery must be set aside because the district court did not establish a factual basis for all the elements of that offense.

The State argues that Ford did not present this argument to the district court and, therefore, he cannot raise it for the first time on appeal.

The general rule is that an argument not presented to the district court is not properly before the appellate court. See *State v. Solomon*, 257 Kan. 212, 221, 891 P.2d 407 (1995). Additionally, when constitutional grounds are asserted for the first time on appeal, they are not properly before the appellate court for review. *State v. Steadman*, 253 Kan. 297, 306, 855 P.2d 919 (1993).

There are three exceptions to the general rule:

" '(1) Cases where the newly asserted theory involves only a question of law arising on proved or admitted facts and which is finally determinative of the case;

'(2) Questions raised for the first time on appeal if consideration of the same is necessary to serve the ends of justice or to prevent denial of fundamental rights; and

'(3) That a judgment of a trial court may be upheld on appeal even though that court may have relied on the wrong ground or assigned a wrong reason for its decision.' [Citation omitted.]" *State v. Bell*, 258 Kan. 123, 126, 899 P.2d 1000 (1995).

This case arguably fits either (1) or (2) of these exceptions.

When accepting a plea, the district court must establish that there is a factual basis for the plea. K.S.A. 22-3210(a)(4). "In establishing a factual basis for the plea, the trial court must establish that all elements of the crime charged are present." *Shaw*, 259 Kan. at 7 (reviewing cases where convictions have been reversed because of a failure to sufficiently establish a factual basis for the plea).

"The requirement of a factual basis for a plea may be satisfied by a complaint or information given or read to the defendant which sets forth the factual details and essential elements of the particular crime charged, by the evidence presented to the court by the prosecutor, by a statement of the facts made by the defendant at the hearing, or if the judge accepting the defendant's plea conducted the defendant's preliminary examination. [Citation omitted.]" *Shaw*, 259 Kan. at 10-11.

In *Widener v. State*, 210 Kan. 234, 238-39, 499 P.2d 1123 (1972), the district court accepted a defendant's guilty plea to a burglary charge. In establishing the factual basis for the plea, the district court asked, "Mr. Widener, do you plead guilty to this because you did in fact burglarize this concession stand?" The defendant answered, "Yes, sir." 210 Kan. at 239. The *Widener* court noted that the district court had made a copy of the information available to the defendant and that the defendant had an opportunity to discuss the matter with his attorney. 210 Kan. at 238-39. The information stated the details of the crime and the essential elements of the offense. The *Widener* court held that "all this was sufficient to establish a factual basis for the plea." 210 Kan. at 240.

After Ford told the district court that he wanted to plead guilty, the court read each of the charges to him and asked if he intended to plead guilty to each of them. Ford responded in the affirmative, and then the following transpired:

"THE COURT: Okay. If you can take these one at a time. In Count One, I need for you to tell me in your own words what it is that you did that makes you believe you're guilty of this crime.

"THE DEFENDANT: Okay. Count One, the attempted robbery?

"THE COURT: Right.

"THE DEFENDANT: Reason I feel I'm guilty, because I went into the store with the mind of getting some cigarettes. I got the cigarettes and then I left the store, and I didn't bump into anyone or anything like that, but I feel guilty because I did go in the store and get the cigarettes.

"THE COURT: You said get the cigarettes, did you have permission to pay for them or—

"THE DEFENDANT: No, I didn't."

Ford correctly notes that robbery is defined as "the taking of property from the person or presence of another by force or by threat of bodily harm to any person." K.S.A. 21-3426. However, Ford pled guilty to *attempted robbery*, not robbery. "An attempt is any overt act toward the perpetration of a crime done by a person who intends to commit such crime but fails in the perpetration thereof or is prevented or intercepted in executing such crime." K.S.A. 21-3301(a).

As in *Widener*, 210 Kan. at 238-39, the district court established that Ford had gone over the charges against him with his counsel. Here, however, the amended information states:

"[O]n or about the 5th day of July, 1994, one Darryl S. Ford did unlawfully and willfully commit an overt act toward the perpetration of the crime of Robbery, as defined by K.S.A. 21-3426, with the intent to commit said crime, but failed or was prevented or intercepted in the execution of said crime, in violation of K.S.A. 21-3301. (Attempted Robbery, Severity Level 7, Person Felony)."

Thus, while the information charges Ford with attempted robbery and cites K.S.A. 21-3426, it does not expressly state the element of force or threat of force to a person.

The original information stated:

"[O]n or about the 5th day of July, 1994, one Darryl S. Ford did unlawfully, feloniously and willfully take property, to-wit: cigarettes, *from the presence of another*, to-wit: Guillermo Flores, by force to the person of Guillermo Flores, in violation of K.S.A. 21-3426. (Robbery, Severity Level 5, Person felony)." (Emphasis added.)

Thus, while the original complaint states the element of taking from the presence of another, the complaint to which Ford pled guilty does not.

At the evidentiary preliminary hearing, Ford was informed of the original charges against him, which included the elements of each charge.

Under K.S.A. 22-3210(a)(4) and the interpretive case law, the question remains whether the district court adequately established a factual basis for accepting the plea. However, failure to strictly

comply with the explicit requirements of K.S.A. 22-3210 is harmless error if, upon review of the entire record, it can be determined that the plea was knowingly and voluntarily made. *Noble v. State,* 240 Kan. 162, 164, 727 P.2d 473 (1986); see *Heffelman,* 256 Kan. at 394-95. Strict compliance is not required if the purpose of the rule is otherwise served. *James v. State,* 220 Kan. 284, 287, 553 P.2d 345 (1976).

In *State v. Grant,* 19 Kan. App. 2d 686, 697-98, 875 P.2d 986, *rev. denied* 255 Kan. 1005 (1994), the factual basis presented to the district court by the prosecutor at the plea hearing omitted the "intent to defraud" element of forgery. While the complaint contained the intent to defraud element, the record did not indicate whether the State provided the defendant with a copy. The defendant acknowledged that he understood the charge against him as stated in the complaint and admitted that it was true. This court found that any error created by the omission of the intent to defraud element from the factual basis alleged at the hearing was harmless error. 19 Kan. App. 2d at 698.

The charges in the original information included the element of force or threat of bodily harm. Upon review of the entire record, we believe that Ford's plea was knowingly and voluntarily made notwithstanding the absence of the element of force or threat of bodily harm from the plea transcript and the amended information.

Affirmed.