(18 P.3d 977)

No. 84,328

STATE OF KANSAS, *Appellee*, v. JEFFREY A. BALDWIN, *Appellant*.

Opinion filed February 2, 2001.

*Jennifer C. Roth,* assistant appellate defender, and *Jessica R. Kunen,* chief appellate defender, for the appellant.

*Richard A. Olmstead,* assistant district attorney, *Nola Foulston,* district attorney, and *Carla J. Stovall,* attorney general, for the appellee.

Before LEWIS, P.J., RULON, J., and GLENN D. SCHIFFNER, District Judge, assigned.

LEWIS, J.: Defendant Jeffrey A. Baldwin entered a plea of guilty to one count of possession of cocaine. After he found out that his criminal history was less serious than he thought it was, he filed a motion to withdraw his plea. The trial court denied that motion. This appeal followed.

This case has a strange twist in it which, to the best of our knowledge, has not been presented before in a sentencing guidelines action. Defendant entered into plea negotiations with the State, and the State indicated that defendant's criminal history score was "F." If defendant's criminal history score was F, he would have fallen into a border box. This, of course, meant that he had the possibility of going to prison. In order to avoid that possibility, he entered into a plea agreement whereby the State would recommend the mid-number in the appropriate grid box and would not oppose a border box sentence of probation.

Prior to the presentence investigation (PSI) report, defendant had told his attorney he had been charged and convicted of a drug crime in the mid-1970's in Virginia. He could not remember whether he was convicted of two counts or more. He did, however, recall that one or more of the original charges against him was dropped prior to entering a guilty plea.

When defendant received the PSI report prior to sentencing, he found that his criminal history score was only G, which was lower than he previously believed and lower than the State previously believed. With a criminal history score of G under the sentencing guidelines, defendant was automatically entitled to presumptive probation with an underlying sentence of 14 to 16 months. Since defendant insists he pled guilty only to avoid the possibility of going to prison, and since there would have been no possibility of going to prison with his criminal history score of G, he believes he should be allowed to withdraw his guilty plea.

The trial court denied his motion to withdraw the plea of guilty and sentenced him to 24 months of probation with an underlying sentence of 15 months' incarceration.

"A plea of guilty or *nolo contendere*, for good cause shown and within the discretion of the court, may be withdrawn at any time before sentence is adjudged." K.S.A. 1999 Supp. 22-3210(d). The trial court's denial of a motion to withdraw a plea of guilty will be reversed only if the trial court abused its discretion. *State v. Dighera*, 22 Kan. App. 2d 359, 361, 916 P.2d 68, *rev. denied* 260 Kan. 997 (1996).

"In determining whether a defendant should be allowed to withdraw his plea, the trial court should consider whether the defendant was represented throughout by competent counsel; whether he was misled, coerced, mistreated, or unfairly taken advantage of; and whether his plea was freely, fairly, and understandingly made." *State v. Ford*, 23 Kan. App. 2d 248, 251, 930 P.2d 1089 (1996), *rev. denied* 261 Kan. 1087 (1997).

As we review the record in this case, it appears defendant was represented throughout by competent counsel; that he was not misled, coerced, mistreated, or unfairly taken advantage of; and that his plea was freely, fairly, and understandingly made. Accordingly, the trial court did not err in denying his motion to withdraw his plea. If anyone made a mistake in this case, it was defendant, who simply did not seem to remember what he had been convicted of in the 1970's.

If there is a mutual mistake as to defendant's criminal history score, the trial court is obligated to sentence defendant on his true criminal history score. *State v. Haskins*, 262 Kan. 728, 732, 942 P.2d 16 (1997). In *Ford*, 23 Kan. App. 2d at 253, we rejected an argument that a plea was not "intelligently" made because the defendant relied upon the representation of the State as to the criminal history score. It is true in this case that defendant believed his score was higher than it turned out to be, but that does not change the legal principles which we have applied time after time in these cases. We hold the trial court did not abuse its discretion in denying the motion to withdraw defendant's plea.

Affirmed.