(38 P.3d 738)

No. 86,063

No. 86,064

STATE OF KANSAS, *Appellee*, v. AARON HATT, *Appellant*.

Opinion filed January 18, 2002.

*Shawn Minihan*, assistant appellate defender, and *Jessica R. Kunen*, chief appellate defender, for appellant.

*John H. Taylor*, assistant county attorney, and *Carla J. Stovall*, attorney general, for appellee.

Before BEIER, P.J., PIERRON, J., and WAHL, S.J.

WAHL, J.: Aaron Hatt appeals his sentence imposed following his conviction of two counts of forgery.

In June 2000, Hatt entered a plea of nolo contendere to two counts of forgery in cases Nos. 00 CR 424 and 00 CR 458. In

return, the State agreed to dismiss the remaining charges in both cases.

Hatt's presentence investigation (PSI) report showed he had nine prior convictions. He had a California burglary conviction in 1995, person felony, and Kansas theft, nonperson felony, and giving a worthless check, misdemeanor, convictions in 1996. The source of information regarding these three convictions was listed as the PSI report for the Kansas theft conviction in No. 96 CR 209. In addition, Hatt had convictions for two nonperson felonies and four nonperson misdemeanors. The source of information for these convictions was listed as either the court services officers or the district court record.

Prior to sentencing, Hatt filed an objection to his criminal history, stating his California conviction of burglary was a nonperson felony. The State responded that Hatt failed to object when the PSI report, including the California conviction, was filed in No. 96 CR 209 and the court could then take judicial notice of the earlier PSI report.

The trial court took judicial notice of the PSI report in the prior case and found Hatt's criminal history score to be accurate. The court placed Hatt on probation for 18 months with an underlying sentence of 18 months' imprisonment based on his criminal history score of C. Hatt appealed.

He argues the trial court erred in taking judicial notice of his PSI report filed for his 1996 conviction under K.S.A. 2000 Supp. 21-4714(f). He claims his California conviction for burglary should be categorized as a nonperson felony. Hatt further argues the trial court should have required the State to prove his California conviction was a person felony by a preponderance of the evidence pursuant to K.S.A. 21-4715(c).

Hatt claims K.S.A. 2000 Supp. 21-4714(f) and K.S.A. 21-4715(c) are in conflict under the facts of this case. Interpretation of statutes is a question of law, and the appellate court's review is unlimited. *State v. Turner*, 22 Kan. App. 2d 564, 565, 919 P.2d 370 (1996).

K.S.A. 2000 Supp. 21-4714(f) provides: "The court can take judicial notice in a subsequent felony proceeding of an earlier presentence report criminal history worksheet prepared for a prior

sentencing of the defendant for a felony committed on or after July 1, 1993."

According to Hatt's PSI report for the current crimes, he had one juvenile adjudication in California for burglary coded as a person felony in 1995. This adjudication was listed in the PSI report filed for his earlier conviction of felony theft in No. 96 CR 209 in Geary County, Kansas.

Hatt failed to object to the categorization of person felony of the California conviction of burglary at the time of sentencing for No. 96 CR 209 under K.S.A. 21-4715(c), which provides:

"Upon receipt of the criminal history worksheet prepared for the court, the offender shall immediately notify the district attorney and the court with written notice of any error in the proposed criminal history worksheet. The state shall have the burden of producing further evidence to satisfy its burden of proof regarding any disputed part, or parts, of the criminal history and the sentencing judge shall allow the state reasonable time to produce such evidence to establish the disputed portion of the criminal history by a preponderance of the evidence."

Without an objection by Hatt, the PSI report was admitted and filed as a part of the record for No. 96 CR 209, and the trial court may take judicial notice of the report pursuant to K.S.A. 2000 Supp. 21-4714(f). Contrary to Hatt's arguments, these two statutory provisions are not in conflict. The trial court did not err in taking judicial notice of Hatt's previously filed PSI report instead of requiring the State to produce evidence to establish the disputed portion of the criminal history by a preponderance of the evidence.

Hatt contends the inclusion of his California juvenile adjudication in his criminal history score violated the due process principles set out in *Apprendi v. New Jersey*, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000), because a jury did not determine guilt beyond a reasonable doubt in his juvenile adjudication.

*Apprendi* held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490. *Apprendi* did not address the specific issue of the juvenile adjudications included in criminal history scores as "prior convictions." The Kansas Supreme Court adopted the broad reasoning of *Apprendi* and held

the departure statute allowing sentences beyond the presumptive sentence violated *Apprendi* and was unconstitutional on its face. *State v. Gould*, 271 Kan. 394, Syl. ¶ 3, 23 P.3d 801 (2001).

Hatt claims the Kansas Supreme Court has repeatedly held that juvenile adjudications are not prior criminal convictions, relying on *State v. LaMunyon*, 259 Kan. 54, 59, 911 P.2d 151 (1996). *LaMunyon* further stated that "[t]he mere fact that a juvenile adjudication is not a criminal conviction does not prohibit using a juvenile adjudication in calculating a criminal history score for purposes of sentencing an adult under the KSGA." 259 Kan. at 59. The *LaMunyon* court concluded: "The defendant's juvenile adjudications were constitutional even if he had no right to a jury trial in those proceedings. Because the juvenile adjudications were not constitutionally infirm, they may be used in calculating the defendant's criminal history score under the KSGA." 259 Kan. at 65.

Before oral arguments in this case, Hatt filed a letter of additional authority, citing *United States v. Tighe*, 266 F.3d 1187 (9th Cir. 2001). He also requests that this court take judicial notice of California statutes regarding juvenile adjudication procedure. We point out that while opinions from the Ninth Circuit Court of Appeals are instructive to this court, they are not binding authority on this court.

Tighe pled guilty to bank robbery, being a felon in possession of a firearm, and interstate transportation of a stolen vehicle. The district court applied the Armed Career Criminal Act to enhance his sentence, based on three previous convictions, including an Oregon juvenile adjudication.

On appeal, the Ninth Circuit Court of Appeals vacated his sentence, holding the use of Tighe's 1988 nonjury juvenile adjudication to increase his maximum statutory penalty violated *Apprendi*. The majority acknowledged the language of *Apprendi* holding that "other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490. The majority also noted that *Almendarez-Torres v. United States*, 523 U.S. 224, 243, 140 L. Ed. 2d 350, 118 S. Ct. 1219 (1998), held the fact of the prior conviction was a

sentencing factor and not a separate element of the crime charged in the indictment. Furthermore, in *Jones v. United States*, 526 U.S. 227, 249, 143 L. Ed. 2d 311, 119 S. Ct. 1215 (1999), the Court stated: "One basis for that constitutional distinctiveness [of prior convictions] is not hard to see: unlike virtually any other consideration used to enlarge the possible penalty for an offense . . . a prior conviction must itself have been established through procedures satisfying the fair notice, reasonable doubt and jury trial guarantees."

The *Tighe* court held that *Apprendi's* prior conviction exception must be limited to prior convictions that were obtained through proceedings that included the right to a jury trial. Juvenile adjudications that do not afford the right to a trial by jury do not fall within the exception.

Judge Brunetti wrote a forceful dissent from the *Tighe* majority:

"In my view, the language in *Jones* stands for the basic proposition that Congress has the constitutional power to treat prior convictions as sentencing factors subject to a lesser standard of proof because the defendant presumably received all the process that was due when he was convicted of the predicate crime. For adults, this would indeed include the right to a jury trial. For juveniles, it does not. Extending *Jones'* logic to juvenile adjudications, when a juvenile receives all the process constitutionally due at the juvenile stage, there is no constitutional problem (on which *Apprendi* focused) in using that adjudication to support a later sentencing enhancement." 266 F.3d at 1200.

This rationale corresponds with the rationale and holding in *LaMunyon* that juvenile adjudications are constitutional even though no right to jury trial attaches to the proceedings and, therefore, they may be used to calculate the defendant's criminal history score under the sentencing guidelines.

Hatt does not allege any violations of his due process rights in connection with his juvenile proceeding; accordingly, inclusion of his juvenile adjudication in his criminal history score does not violate either *Apprendi* or *Gould*.

Hatt asks this court to take judicial notice of the California statutory procedure for juvenile adjudications. The California statutes appear to be quite similar to our Kansas statutes, but even were

we able to do so, it is not at all clear how taking judicial notice of them would aid Hatt's argument.

Affirmed.