(98 P.3d 664)
No. 91,102

STATE OF KANSAS, *Appellee*, v. LLOYD D. WELTY, *Appellant*.

—

Opinion filed October 8, 2004.

*Randall L. Hodgkinson*, deputy appellate defender, for appellant.

*Brenda M. Jordan*, assistant county attorney, *William E. Kennedy III*, county attorney, and *Phill Kline*, attorney general, for appellee.

Before HILL, P.J., GREEN and MALONE, JJ.

MALONE, J.: Lloyd D. Welty appeals the sentence for his conviction of one count of attempted manufacture of methamphetamine. Welty claims that the district court erred in including in his criminal history a prior conviction which was not included in a

presentence investigation (PSI) criminal history report adopted by a court at a prior sentencing. He also claims that his conviction should be reclassified as a drug severity level 3 offense pursuant to *State v. McAdam*, 277 Kan. 136, 83 P.3d 161 (2004).

Welty was charged in Riley County District Court with conspiracy to manufacture methamphetamine, attempted manufacture of methamphetamine, and possession of ephedrine with the intent to manufacture an illegal substance, all classified as drug severity level 1 felonies. As a result of plea negotiations, Welty pled no contest to one count of attempted manufacture of methamphetamine, a violation of K.S.A. 65-4159(a), and the other charges were dismissed.

At sentencing, Welty objected to his criminal history score. He argued that the State was bound to the criminal history score established by a prior PSI report prepared for Welty and adopted by a court in a Shawnee County case. The Riley County presentence investigator uncovered a prior person misdemeanor conviction that had not been scored in the Shawnee County case even though it existed at the time of sentencing in Shawnee County. Welty asserted that he should fall into criminal history category B. By scoring the additional person misdemeanor conviction, Welty fell into criminal history category A. The district court overruled the objection and found that Welty fell into criminal history category A. The district court denied Welty's motion for a downward departure and sentenced Welty to a controlling term of 188 months' imprisonment. Welty appeals.

Welty claims that the district court erred in calculating his criminal history. Interpretation of the Kansas Sentencing Guidelines Act is a question of law, and the appellate court's scope of review is unlimited. *State v. Perez-Moran*, 276 Kan. 830, 833, 80 P.3d 361 (2003).

Welty asserts that a 1994 Clay Center battery conviction, which was not included in a prior Shawnee County PSI criminal history report, cannot now be included in the Riley County PSI criminal history report. Welty does not contest that the conviction occurred; he merely argues that since the Shawnee County PSI criminal history report did not include the Clay County conviction, then all

subsequent sentencing courts are precluded from including the conviction after the State did not object to its absence in the Shawnee County proceeding.

Welty's argument is contrary to the law governing criminal history classification. Prior criminal convictions, which are proven in court, are to be included in the criminal history classification. K.S.A. 2003 Supp. 21-4715. K.S.A. 21-4703(c) provides that a defendant's criminal history score includes "adult felony, class A misdemeanor, class B person misdemeanor, or select misdemeanor convictions and comparable juvenile adjudications possessed by an offender at the time such offender is sentenced." Special provisions for determining criminal history are governed by K.S.A. 21-4710 and K.S.A. 2003 Supp. 21-4711. All prior convictions must be included in a defendant's criminal history score unless they are an element of the present crime, enhance the severity level or applicable penalties, or elevate the classification from misdemeanor to felony. K.S.A. 21-4710(d)(11); *Perez-Moran,* 276 Kan. at 833. Furthermore, prior convictions cannot be "plea bargained" away. K.S.A. 21-4713.

Welty argues that the State is precluded by collateral estoppel from including the Clay Center conviction in his criminal history score since it had not been included in a prior PSI criminal history report which was adopted by the court. This issue has already been decided in *State v. Prater,* 31 Kan. App. 2d 388, 65 P.3d 1048, *rev. denied* 276 Kan. 973 (2003). In *Prater,* the defendant had previously been sentenced in a 1997 arson case in which he raised an objection to five misdemeanors in his criminal history. Rather than presenting evidence on the convictions, the State chose to leave the convictions out of the criminal history score and accepted a criminal history of C rather than B. At the time of the defendant's sentencing for a later offense, the five misdemeanors were included in the criminal history score.

The defendant in *Prater* claimed the State was precluded from including the convictions in his criminal history by the doctrine of collateral estoppel. He pointed to *State v. Kelly,* 262 Kan. 755, 767, 942 P.2d 579 (1997), a case involving the Habitual Criminal Act, which held that the doctrine of collateral estoppel could apply to

the proof of prior felony convictions if all the elements of collateral estoppel were met. The elements of collateral estoppel are: (1) a prior judgment must have been entered on the merits which determined the rights and liabilities of the parties on the issue based upon ultimate facts as disclosed by the pleadings and the judgment; (2) the parties must be the same or in privity; and (3) the issue litigated must have been determined and necessary to support the judgment. 262 Kan. at 767.

The *Prater* court rejected the defendant's argument, finding that "Prater cannot show that a prior judgment was entered on the merits which determined the rights and liabilities of the parties based upon the ultimate facts as disclosed by the pleadings and judgment." 31 Kan. App. 2d at 395. Since no evidence was presented on the legitimacy of the prior misdemeanor convictions, there was no judgment on the merits entered as to the existence of the prior convictions and, therefore, collateral estoppel did not apply.

Following the reasoning in *Prater,* no judgment on the merits has been entered on the existence of the prior Clay Center misdemeanor conviction. The fact that it was overlooked on a previous PSI criminal history report does not preclude the State from including the prior conviction in Welty's criminal history for a subsequent sentence.

Welty points to *State v. Hatt,* 30 Kan. App. 2d 84, 86, 38 P.3d 738, *rev. denied* 273 Kan. 1038 (2002), which held that if a defendant fails to object to a PSI criminal history report, a district court can base a later criminal history finding on the prior criminal history determination without further proof by the State even if the defendant subsequently objects. Welty argues that if a defendant is bound by a prior PSI criminal history report based on failure to object, the State should also be bound by a prior report.

The *Hatt* court did not analyze the issue under the doctrine of collateral estoppel. Instead, the court relied on K.S.A. 2000 Supp. 21-4714(f), which provides: "The court can take judicial notice in a subsequent felony proceeding of an earlier presentence report criminal history worksheet prepared for a prior sentencing of the defendant for a felony committed on or after July 1, 1993." We

note that although this provision provides that a sentencing court *can* take judicial notice of an earlier PSI criminal history report, the provision certainly does not *require* a sentencing court to do so. A more reasonable interpretation is that this provision was enacted so that presentence investigators do not need to begin from scratch each time they are preparing a criminal history worksheet for a defendant who has been sentenced in a prior case. Interestingly, the court's ruling in *Hatt* was not discussed in *Prater*.

We find the court's reasoning in *Prater* more persuasive than the court's reasoning in *Hatt*. Accordingly, we hold the doctrine of collateral estoppel does not preclude a sentencing court from including in a defendant's criminal history a prior conviction which was overlooked in a previous PSI criminal history report. The important consideration is the accuracy of the criminal history calculation. If a mistake is made in a PSI criminal history report, whether it be in favor of the defendant or in favor of the State, the mistake is not etched in stone for the remainder of time. A sentencing court can take judicial notice of an earlier PSI criminal history report for a particular defendant, but if either party objects to the accuracy of the prior report the objection must be resolved by the sentencing court. Collateral estoppel only applies in the event that the existence of a particular conviction has been determined on the merits by a court. Accordingly, the district court did not err in sentencing Welty under criminal history category A.

While Welty's direct appeal has been pending, the Kansas Supreme Court decided *McAdam,* which found an identity of elements between K.S.A. 65-4159(a) and K.S.A. 65-4161(a) based upon the lack of any evidence of a distinction between compounding and manufacturing the methamphetamine. As a result, the court concluded that the defendant should be sentenced only under the lesser penalty provision of K.S.A. 65-4161(a), a drug severity level 3 offense. 277 Kan. at 145-47. The Kansas Supreme Court subsequently decided *State v. Barnes,* 278 Kan. 121, 126-27, 129, 92 P.3d 578 (2004), which held that the *McAdam* ruling applied because the *Barnes* case was on direct appeal at the time of the *McAdam* decision.

Pursuant to *McAdam* and *Barnes*, this case must be remanded to the district court for resentencing. The State requests an order from this court that upon remand, the State should have the option of withdrawing from its original plea agreement with Welty. This court never directed the parties to brief this issue, as we have done in other cases, and so Welty has not been provided an opportunity to address this issue on appeal. We conclude the more prudent course of action is to simply remand this case for resentencing and to let the parties raise any issues they deem appropriate in district court.

Affirmed in part, sentence vacated, and case remanded.