(161 P.3d 222)
No. 96,820

STATE OF KANSAS, *Appellee,* v. CLIFTON LANE SCHOW, *Appellant.*

Opinion filed June 15, 2007.

*Reid T. Nelson,* of Capital and Conflicts Appeals Office, for appellant.

*Steven J. Obermeier,* assistant district attorney, *Paul J. Morrison,* district attorney, and *Phill Kline,* attorney general, for appellee.

Before HILL, P.J., MALONE, J., and LARSON, S.J.

HILL, J.: In this appeal we consider whether the district court made a mistake when it denied Clifton Lane Schow's motion to withdraw his plea because he objected to the criminal history classification contained in his presentence investigation (PSI) report. Schow expected probation for his crime but received a presumptive incarceration sentence due to his criminal history.

He raises two issues. *First,* Schow argues that the district court abused its discretion when it would not let him withdraw his plea because both sides were mistaken about his criminal history. This court has held before that a trial court must sentence a defendant in light of his or her true criminal history score. Mutual mistake about a criminal history score is no reason to withdraw a plea in a case where the defendant is represented by competent counsel; where the defendant was not misled, coerced, mistreated, or unfairly taken advantage of; and where his or her plea was freely, fairly, and understandingly made. Because this record reveals no evidence of Schow being misled, coerced, mistreated, or unfairly taken advantage of and his plea was freely, fairly, and understandingly made, we hold that there was no abuse of discretion by the trial court when it denied his motion to withdraw his plea.

*Second,* Schow contends the district court erred when it said he had to disprove the convictions that Schow thought were incorrect. When there is an objection to a criminal history score, the burden of proof is upon the State to prove the score by a preponderance of the evidence. But a trial court is permitted to take judicial notice of a defendant's PSI report filed in a previous case without objection, instead of requiring the State to produce evidence to establish the disputed portion of the criminal history. Since that is the procedure followed by the district court in this case, we find no error

by the court when it gave Schow a chance to prove any errors in the history.

*Background Facts*

Schow pled guilty to one count of criminal threat, a severity level 9 felony crime, in exchange for the State dismissing a second count and a recommendation for probation if he was eligible under the Kansas sentencing guidelines. At the plea hearing, the district court informed Schow that his minimum and maximum prison sentence would be 5 to 17 months. After the defense stated that it was believed that Schow had a criminal history score of D, the district court then advised Schow that his probation sentence could be 11 to 13 months with the caveat that the sentencing judge may decide against imposing probation.

Schow's counsel conferred with him regarding this information, and Schow responded, "Yes, your honor, that is fine." The district court continued to convey to Schow the consequences of his plea; Schow acknowledged that he understood and pled guilty to count I.

Prior to sentencing, Schow's PSI report showed that he had three adult person misdemeanors. The source of these misdemeanors came from Schow's prior PSI report. Under the sentencing rules these misdemeanors were aggregated and converted into an adult person felony. This additional felony increased Schow's criminal history score from the anticipated D to B, making Schow ineligible for presumptive probation.

Schow objected to entries 4 and 5 of his PSI report, which were convictions for domestic battery that occurred in 1992. Schow claimed that these entries were incorrect since he possessed only one conviction (not two) for domestic battery. Accordingly, Schow alleged that the State had the burden to produce evidence to show that both convictions existed.

The district court requested the State to submit certified copies of those questioned convictions. But at a later proceeding, the court reconsidered its position and held that the State had satisfied its burden when it showed that Schow had adopted his prior PSI report *without objection*. The court went on then and gave Schow

the opportunity to refute the two convictions, which Schow was unable to disprove. Accordingly, Schow moved to withdraw his plea.

After reviewing Schow's motion, the district court determined that at the time of the plea agreement both parties mistakenly believed that Schow's criminal history score fell within presumptive probation. However, at the plea hearing, the district court noted that it had independently advised Schow of the consequences of his plea and of his maximum penalties under the guidelines. Therefore, the district court ruled that Schow's plea of guilty was voluntary and denied Schow's motion. The district court then sentenced Schow within the presumptive prison sentence of 14 months.

In this appeal, Schow asserts that he relied upon the parties' belief that his criminal history score was D when he entered into his plea agreement. Therefore, when his prior PSI entries increased his criminal history score to B, Schow argues that this outcome constituted sufficient good cause for the withdrawal of his plea. Alternatively, Schow claims that the district court erred in failing to require the State to prove the existence of his prior PSI entries of 4 and 5 after he made his objections. Instead, Schow contends that "a fair[er] result would [have been] for the trial court to allow [Schow] the option to withdraw the plea," and requests this court to rectify this alleged error.

*Standard of Review*

The rule applicable to this case is clear. "A plea of guilty . . . , for good cause shown and within the discretion of the court, may be withdrawn at any time before sentence is adjudged." K.S.A. 2006 Supp. 22-3210(d). In exercising its discretion under the good cause shown standard, "the trial court should evaluate whether '(1) the defendant was represented by competent counsel, (2) the defendant was misled, coerced, mistreated, or unfairly taken advantage of, and (3) the plea was fairly and understandingly made.' [Citation omitted.]" *State v. Edgar*, 281 Kan. 30, 36, 127 P.3d 986 (2006).

*Mutual Mistake Insufficient Reason to Permit Plea Withdrawal*

Three cases must be examined in order to solve this problem. They are: *State v. Ford*, 23 Kan. App. 2d 248, 930 P.2d 1089, *rev. denied* 261 Kan. 1087 (1997), *State v. Haskins*, 262 Kan. 728, 942 P.2d 16 (1997), and *State v. Baldwin*, 28 Kan. App. 2d 550, 18 P.3d 977, *rev. denied* 271 Kan. 1038 (2001).

In *Ford*, the defendant relied upon the State's representation that he had only one prior person felony on his record when he entered a plea of guilty. But, the defendant's PSI report demonstrated that he had two previous person felonies, which removed the possibility of receiving a presumptive probation sentence. The defendant moved to withdraw his plea, which the district court denied. At the motion hearing, Ford admitted that he was aware of his two felonies; he stated, however, that he did not understand whether they were nonperson or person felonies.

On appeal, Ford argued that his plea was not "intelligently" made because he relied on the State's representation regarding his criminal history at the time he entered into his plea. This court responded that there was "no recourse for a plea unintelligently made." 23 Kan. App. 2d at 252. This approach was reaffirmed in *State v. Prater*, 31 Kan. App. 2d 388, 396-97, 65 P.3d 1048, *rev. denied* 276 Kan. 973 (2003). *Prater* held that the lack of understanding on the defendant's part of his criminal history was not a valid reason to withdraw the plea. 31 Kan. App. 2d at 396-97.

In *Haskins*, the defendant pled guilty, expecting that he would receive presumptive probation because both he and the State believed that his criminal history score was F. The PSI report, however, revealed that his criminal history score was C because the prior juvenile adjudication, which both parties mistakenly thought was a nonperson felony, constituted a person felony. Therefore, under the criminal history score of C, the trial court sentenced the defendant to a term of imprisonment, stating that the defendant knowingly entered a guilty plea despite the mistaken belief of his criminal history score.

Haskins directly appealed his sentence, claiming that the State violated the plea agreement when it informed the district court

that the defendant's criminal history score was C instead of F. *Haskins* first determined that no plea agreement existed between the defendant and the State. With that in mind, the court next addressed "whether the defendant knowingly entered into a guilty plea, even though he (and the State) were mistaken about his criminal history score at the time of the plea." 262 Kan. at 731.

*Haskins* held that the trial court's findings were supported by substantial competent evidence because: (1) defendant was aware of the maximum penalties that he could receive if he pled guilty; (2) defendant knew that the sentencing court was not bound by any plea agreement or recommendation; (3) defendant understood that his sentence would be fairly substantial; and (4) defendant was not a stranger to the judicial system. 262 Kan. at 731. Therefore, *Haskins* concluded that "the defendant knowingly entered a guilty plea, even though he was mistaken about his criminal history score." 262 Kan. at 732.

In *Baldwin*, this court again affirmed the district court's decision to deny a defendant's motion to withdraw his plea. 28 Kan. App. 2d 552. Based on the mistaken belief that his criminal history score was a F, the defendant entered into his plea agreement to avoid the possibility of a prison term. In reality, the defendant's criminal history score was actually a G and would have automatically entitled the defendant to presumptive probation. As a result, Baldwin moved to withdraw his plea which was denied.

*Baldwin* reviewed the record and determined that the defendant was represented by competent counsel; that he was not misled, coerced, mistreated, or unfairly taken advantage of; and that his plea was freely, fairly, and understandingly made. Therefore, *Baldwin* held that the trial court did not abuse its discretion in denying defendant's motion to withdraw his plea. 28 Kan. App. 2d at 552.

With these cases in mind it is clear what should be done in this case. Simply put, mutual mistake of a defendant's criminal history score, standing alone, is insufficient to justify withdrawal of a plea. Furthermore, Schow fails to provide any evidence, pertaining to the three factors set forth in *Edgar*, that would persuade us that the district court abused its discretion when it denied Schow's motion. First, Schow does not allege that he was not represented by

competent counsel. And the record does not suggest otherwise. Second, Schow fails to show that he was misled, coerced, mistreated, or unfairly taken advantage of, when he entered into his plea agreement. Here, the plea agreement expressly stated twice that the State would recommend a probation sentence if Schow was eligible. Third, Schow's plea was fairly and understandingly made. The district court advised him of his maximum sentence; the district court informed him that the sentencing court was not bound to the State's recommendation of probation; and the district court was aware that Schow's counsel separately conveyed this information to Schow, to which Schow replied, "Yes, your honor, that is fine."

This court has held that when "there is a mutual mistake as to defendant's criminal history score, the trial court is obligated to sentence defendant on his true criminal history score." *Baldwin*, 28 Kan. App. 2d at 552. The sentencing court here fulfilled this obligation. The district court did not abuse its discretion by finding that the mutual mistake of a criminal history score did not constitute good cause to withdraw Schow's plea.

*Judicial Notice Proper*

Our statutes about objections to criminal histories are clear. When a defendant has filed an objection to his criminal history classification, "[t]he burden of proof shall be on the prosecution officer regarding [the] disputed criminal history issues." K.S.A. 21-4724(c)(4). The burden of proof is by a preponderance of the evidence. K.S.A. 2006 Supp. 21-4715(a) and (c).

But, a trial court is permitted to "take judicial notice of a defendant's presentence report filed in a previous case without objection instead of requiring the State to produce evidence to establish the disputed portion of the criminal history by a preponderance of the evidence." *State v. Hobbs*, 276 Kan. 44, Syl. ¶ 8, 57, 71 P.3d 1140 (2003). The Supreme Court held that the trial court was permitted to take judicial notice of defendant's prior PSI report that included a 1994 burglary. Also, K.S.A. 2006 Supp. 21-4714(f) provides that "the court can take judicial notice in a subsequent felony proceeding of an earlier presentence report

criminal history worksheet prepared for a prior sentencing of the defendant for a felony committed on or after July 1, 1993."

The dissent disagrees with the *Hobbs* decision, saying it reads too much into the language of K.S.A. 2006 Supp. 21-4714(f). But the Court of Appeals is duty bound to follow Kansas Supreme Court precedent, absent some indication the court is departing from its previous position. *State v. Beck*, 32 Kan. App. 2d 784, 788, 88 P.3d 1233, *rev. denied* 278 Kan. 847 (2004).

Basic to all of this is the view that the important consideration in this type of dispute is the accuracy of a criminal history calculation:

"If a mistake is made in a PSI criminal history report, whether it be in favor of the defendant or in favor of the State, the mistake is not etched in stone for the remainder of time. A sentencing court can take judicial notice of an earlier PSI criminal history report for a particular defendant, *but if either party objects to the accuracy of the prior [criminal history] report the objection must be resolved by the sentencing court.*" (Emphasis added.) *State v. Welty*, 33 Kan. App. 2d 122, 126, 98 P.3d 664 (2004) (reviewing whether collateral estoppel precludes a sentencing court from including in a defendant's criminal history a prior conviction which was overlooked in a previous PSI criminal history report, and holding that it does not unless a judgment on the merits has taken place).

Here, the district court determined that it would take judicial notice of Schow's prior PSI report but provided Schow the opportunity to dispute that action. Schow declined the opportunity and filed his motion to withdraw his plea instead. We find no error here.

Affirmed.

MALONE, J., concurring in part and dissenting in part: I concur with the majority on the first issue that the district court did not abuse its discretion in denying Clifton Lane Schow's motion to withdraw his plea. As the majority concludes, a mutual mistake of the defendant's criminal history score, standing alone, is generally insufficient to justify withdrawal of a plea. However, I respectfully dissent from the majority on the second issue concerning Schow's objection to his criminal history score. I believe the district court erred when it placed the burden on Schow to disprove his misdemeanor convictions which Schow claimed were incorrect.

The facts are straightforward. Schow objected to entries 4 and 5 of his presentence investigation (PSI) report, which were out-of-state convictions for domestic battery that occurred in 1992. Schow asserted he had only one prior domestic battery conviction, and not two. The misdemeanor convictions had been listed on Schow's PSI report in a prior case which Schow had accepted at the time without objection. However, the existence of the convictions had never been determined on the merits by the district court.

The district court initially requested the State to submit certified copies of the questioned convictions. However, at a subsequent hearing, the district court ruled the State had satisfied its burden because Schow had adopted his prior PSI report without objection. The district court then shifted the burden to Schow to disprove the existence of the misdemeanor convictions. Schow failed to prove the PSI report was wrong, and he was sentenced based upon a criminal history score which included both misdemeanor convictions.

Under the Kansas Sentencing Guidelines Act (KSGA), the defendant's presumptive sentence is based solely upon the severity level of the crime of conviction and the defendant's criminal history classification. Thus, the accurate determination of the defendant's criminal history for sentencing purposes is an important consideration in every case. It may be helpful to review how the court determines the defendant's criminal history classification prior to sentencing, and how the court resolves any claimed error in the criminal history asserted by the defendant.

K.S.A. 2006 Supp. 21-4714 provides that the district court shall order the court services officer to prepare a PSI report in every case as soon as possible after the defendant has been convicted. The PSI report includes a criminal history worksheet which lists all prior adult convictions or juvenile adjudications for felony or misdemeanor crimes committed by the defendant in any state. This worksheet is used to determine the defendant's criminal history classification for sentencing pursuant to the KSGA. Once a PSI report has been prepared for the defendant in a case, the PSI report can be used as a source of information for preparing criminal history worksheets for the same defendant in subsequent cases.

Specifically, K.S.A. 2006 Supp. 21-4714(f) provides: "The court can take judicial notice in a subsequent felony proceeding of an earlier presentence report criminal history worksheet prepared for a prior sentencing of the defendant for a felony committed on or after July 1, 1993."

Pursuant to K.S.A. 2006 Supp. 21-4715, once a PSI report has been prepared, the criminal history worksheet shall satisfy the State's burden of proof regarding the defendant's criminal history, *unless an objection is filed to the report*. However, if the defendant claims any error in the proposed criminal history worksheet, the defendant must file a written notice before sentencing specifying the exact nature of the alleged error. In this situation, the State has the burden of *producing further evidence* to prove the disputed part of the defendant's criminal history by a preponderance of the evidence. Specifically, K.S.A. 2006 Supp. 21-4715(c) provides:

"The state shall have the burden of *producing further evidence* to satisfy its burden of proof regarding any disputed part, or parts, of the criminal history and the sentencing judge shall allow the state reasonable time to produce such evidence to establish the disputed portion of the criminal history by a preponderance of the evidence." (Emphasis added.)

Thus, the district court can only rely on the criminal history worksheet to satisfy the State's burden of proof if there has been no objection to the defendant's criminal history score. If the defendant files a timely and specific objection to the defendant's criminal history score, K.S.A. 2006 Supp. 21-4715(c) requires the State to produce further evidence to prove the disputed part of the criminal history by a preponderance of the evidence. This means the State must produce something more than the criminal history worksheet, *i.e.*, a certified copy of a journal entry of conviction, to meet its burden of proof. There is no provision in the KSGA which allows the district court to shift the burden to the defendant to disprove a claimed error in the defendant's criminal history score.

The precise issue before the court is this: If a defendant objects to the existence of a specific conviction included in the defendant's criminal history worksheet, can the district court take judicial notice of a PSI report prepared for the defendant in a prior case to satisfy the State's burden of proof, or must the district court re-

quest the State to produce further evidence to prove the existence of the conviction by a preponderance of the evidence? The correct answer is that the district court can only take judicial notice of the defendant's prior PSI report to satisfy the State's burden of proof, under the doctrine of collateral estoppel, if the existence of the disputed conviction has been previously determined on the merits by a court.

This issue has been previously addressed by Kansas appellate courts, with inconsistent determinations. In *State v. Hatt*, 30 Kan. App. 2d 84, 38 P.3d 738, *rev. denied* 273 Kan. 1038 (2002), the defendant was convicted of two counts of forgery and the district court requested a PSI report which listed the defendant's California burglary conviction as a person felony. Prior to sentencing, the defendant filed an objection to his criminal history, stating his California burglary conviction was a nonperson felony. The State responded that the defendant had failed to object to an earlier PSI report which included his California conviction as a person felony and that the court could take judicial notice of the earlier PSI report. The district court agreed and sentenced the defendant based upon a criminal history score which included the California burglary conviction as a person felony.

The Kansas Court of Appeals affirmed. The court relied on K.S.A. 21-4714(f) which specifically provides that the court can take judicial notice of the defendant's PSI report prepared in an earlier case. Accordingly, the court held that a district court may take judicial notice of a defendant's PSI report filed in a previous case without objection instead of requiring the State to produce evidence to establish the disputed portion of the criminal history by a preponderance of the evidence. 30 Kan. App. 2d at 86.

However, the court's reasoning in *Hatt* has been specifically rejected by the Court of Appeals in two subsequent decisions. In *State v. Prater*, 31 Kan. App. 2d 388, 65 P.3d 1048, *rev. denied* 276 Kan. 973 (2003), the defendant had been sentenced in an earlier case in which he had raised an objection to five misdemeanor convictions in his criminal history. Rather than presenting evidence on the convictions, the State chose to leave the convictions out of the defendant's criminal history score and stipulated

to a criminal history of C rather than B in that case. When the defendant was sentenced for a later offense, the misdemeanors were included in his criminal history classification, and the defendant again objected to their inclusion. The defendant argued that by stipulating in an earlier case to a criminal history classification without the misdemeanors, the State had bound itself to that determination in all subsequent cases against him. The district court overruled the defendant's objection.

On appeal, the court analyzed the issue under the doctrine of collateral estoppel. The elements of collateral estoppel are: (1) a prior judgment must have been entered on the merits which determined the rights and liabilities of the parties on the issue based upon ultimate facts as disclosed by the pleadings and the judgment; (2) the parties must be the same or in privity; and (3) the issue litigated must have been determined and necessary to support the judgment. 31 Kan. App. 2d at 395. Under the doctrine of collateral estoppel, the court held the State's stipulation in the earlier case to a lower criminal history classification was not a prior judgment on the merits because no evidence had been presented on the legitimacy of the prior misdemeanor convictions. Thus, the State was not precluded from attempting to prove the existence of the misdemeanor convictions in the defendant's current case even though the convictions had not been included in the defendant's earlier PSI report which the State had accepted at the time. 31 Kan. App. 2d at 395.

In *State v. Welty*, 33 Kan. App. 2d 122, 98 P.3d 664 (2004), the defendant argued the State was precluded from including in his current Riley County PSI report a prior conviction that had not been included in a previous Shawnee County PSI report. The defendant relied on *Hatt* and argued that if a defendant is bound by a prior PSI report based on failure to object, the State should also be bound by a prior report which it accepted without objection. Following the reasoning in *Prater*, the court determined that no judgment on the merits had been entered as to the existence of the prior conviction. Therefore, the court rejected the defendant's argument and held:

"[T]he doctrine of collateral estoppel does not preclude a sentencing court from including in a defendant's criminal history a prior conviction which was overlooked in a previous PSI criminal history report. The important consideration is the accuracy of the criminal history calculation. If a mistake is made in a PSI criminal history report, whether it be in favor of the defendant or in favor of the State, the mistake is not etched in stone for the remainder of time. A sentencing court can take judicial notice of an earlier PSI criminal history report for a particular defendant, but if either party objects to the accuracy of the prior report, the objection must be resolved by the sentencing court. *Collateral estoppel only applies in the event that the existence of a particular conviction has been determined on the merits by a court.*" (Emphasis added.) 33 Kan. App. 2d at 126.

The court in *Welty* noted that pursuant to K.S.A. 21-4714(f), the district court can take judicial notice of the defendant's PSI report prepared in an earlier case. However, the court concluded that although 21-4714(f) provides that a sentencing court *can* take judicial notice of an earlier PSI report, the provision certainly does not *require* a sentencing court to do so. According to the *Welty* court, a more reasonable interpretation of 21-4714(f) is that it was enacted so that presentence investigators do not need to begin from scratch each time they prepare a criminal history worksheet for a defendant who has been sentenced in a prior case. 33 Kan. App. 2d at 125-26.

As the majority notes, the Kansas Supreme Court addressed this issue in *State v. Hobbs*, 276 Kan. 44, 71 P.3d 1140 (2003). In *Hobbs*, the defendant objected to his PSI report which listed a juvenile adjudication for residential burglary as a person felony. The journal entry in the juvenile case had mistakenly classified the adjudication as a nonperson felony, even though K.S.A. 21-3715(a) classifies residential burglary as a person felony. Nevertheless, the defendant argued that the journal entry in the juvenile case was controlling. The district court overruled the defendant's objection.

On appeal, the court noted the defendant had stipulated to a prior PSI report which had properly listed the juvenile adjudication as a person felony. Without conducting any significant analysis, the Supreme Court referred to the Court of Appeals' decision in *Hatt* and determined that a sentencing court is permitted to "take judicial notice of a defendant's presentence report filed in a previous case without objection instead of requiring the State to produce

evidence to establish the disputed portion of the criminal history by a preponderance of the evidence." 276 Kan. 44, Syl. ¶ 8.

The facts in *Hobbs* were unique. The defendant was not challenging the existence of a prior conviction. Instead, the defendant was attempting to rely on a clerical error in the journal entry to score the conviction as a nonperson felony rather than as a person felony. The Supreme Court rejected the defendant's claim but based its conclusion on the rationale of *Hatt*, which has since been rejected by the Court of Appeals in both *Prater* and *Welty*. Thus, although the Supreme Court reached the correct result in *Hobbs*, the court's analysis in that case is subject to question.

Simply stated, the courts in *Hatt* and *Hobbs* read too much into the language of K.S.A. 21-4714(f), which allows a district court to take judicial notice of the defendant's PSI report prepared in an earlier case. There is no language in 21-4714(f) which allows a district court to take judicial notice of a prior PSI report in lieu of the State's burden of producing further evidence to prove a disputed criminal history by a preponderance of the evidence, as required by K.S.A. 2006 Supp. 21-4715(c). Just because the district court *can* take judicial notice of the defendant's PSI report prepared in an earlier case, the district court should not rely on this provision to shift the burden of proof to the defendant when the defendant has objected to a criminal history that has never been determined on the merits by a court. It is illogical, if not impossible, to require the defendant to attempt to prove a negative, *i.e.,* that a claimed prior conviction in the defendant's criminal history does not actually exist.

If a PSI report which contains omissions in the defendant's criminal history is accepted by the State without objection in a case, the State should not be bound by the inaccurate report in subsequent cases involving the same defendant. Likewise, the term of the defendant's sentence in a case should never be based on a prior conviction which does not actually exist, just because the defendant failed to object to the conviction in an earlier case. Mistakes are made in the preparation of criminal history worksheets. Such mistakes, whether they be in favor of the defendant or in favor of the State, should not be "etched in stone for the remainder of time."

*Welty*, 30 Kan. App. 2d at 126. When the length of the defendant's sentence under the KSGA is based directly on the defendant's criminal history, the most important consideration should be the accuracy of the criminal history calculation.

Here, Schow filed a timely and specific objection to his criminal history pursuant to K.S.A. 2006 Supp. 21-4715(c). Schow objected to two prior out-of-state misdemeanor convictions for domestic battery. The district court initially complied with the statute and ordered the State to produce certified copies of the convictions. However, the district court erred when it reversed course and determined the burden was on Schow to disprove the existence of the convictions. The district court justified this action based on the fact that the misdemeanor convictions had been listed in Schow's PSI report in a prior case which Schow had accepted at the time without objection. However, the existence of the misdemeanor convictions had never been determined on the merits by a court. Thus, under *Prater* and *Welty*, Schow had a right to object to his criminal history score and upon receiving the objection, the district court should have required the State to produce further evidence to prove the existence of the convictions by a preponderance of the evidence.

Granted, the district court did not rule that Schow was bound by the prior PSI report. Instead, the district court gave Schow the opportunity to prove the report was wrong. However, the district court never explained how Schow was expected to prove the prior misdemeanor convictions did not exist. Although K.S.A. 2006 Supp. 21-4714(f) permitted the district court to take judicial notice of Schow's prior PSI report, this should not have substituted as proof of Schow's criminal history because the existence of the misdemeanor convictions had never been determined on the merits by a court. The district court had no statutory authority to shift the burden to Schow to disprove his criminal history, and the district court violated K.S.A. 2006 Supp. 21-4715(c) when it did so.

In summary, I agree the district court did not abuse its discretion in denying Schow's motion to withdraw his plea. However, I conclude the district court erred in overruling Schow's objection to his criminal history score. I would remand the case for resentencing after a proper determination of Schow's criminal history score.