FILED
United States Court of Appeals
Tenth Circuit

October 15, 2007

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JOE L. HUNTER,

               Petitioner - Appellant,

v.

ROGER WERHOLTZ, Secretary of
Corrections; LOUIS E. BRUCE,
Warden, Hutchinson Correctional
Facility; STATE OF KANSAS;
PHILL KLINE,

               Respondents - Appellees.

No. 07-3058
(D.C. No. 06-CV-3241-KHV)
(D. Kan.)

**ORDER**

Before **BRISCOE**, **EBEL**, and **McCONNELL**, Circuit Judges.

Joe Larry Hunter, a state prisoner proceeding *pro se*, seeks a certificate of

appealability ("COA") authorizing him to appeal the denial of his 28 U.S.C. §

2254 petition for a writ of habeas corpus. Hunter specifically alleges that the

Kansas trial court violated his constitutional rights by using his prior convictions

to calculate his criminal history score, even though a jury had not determined the

fact of those convictions beyond a reasonable doubt. Because the United States

Supreme Court has rejected Hunter's theory, we DENY his application.

## I.    Background

Hunter pled no contest to charges of (1) aggravated battery on a law enforcement officer and (2) obstructing official duty. The Kansas trial court sentenced Hunter to 38 months in prison for the former charge and 12 months in county jail for the latter, with the terms to run consecutively. In sentencing Hunter, the trial court factored Hunter's prior criminal convictions into its determination of his criminal history score. See Kansas Sentencing Guidelines Act, Kan. Stat. Ann. § 21-4701 et seq. Hunter alleges that this course of action was unconstitutional because it denied him the opportunity to have a jury determine whether he had in fact been convicted of the earlier crimes. Hunter appealed his conviction to the Kansas Supreme Court, which affirmed in part and dismissed in part. Hunter then sought habeas relief pursuant to 28 U.S.C. § 2254. The federal district court overruled Hunter's habeas petition, and Hunter now seeks a COA to appeal that decision.

## II.    Discussion

The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. 104-32, 110 Stat. 1214, circumscribes our review of Hunter's appeal. Unless Hunter has made "a substantial showing of the denial of a constitutional right," we may not grant his request for a COA. 28 U.S.C. § 2253(c)(2). To overcome this hurdle, Hunter must show "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues

presented were adequate to deserve encouragement to proceed further." Fleming v. Evans, 481 F.3d 1249, 1254 (10th Cir. 2007) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).

The Supreme Court, in a line of cases stemming from Almendarez-Torres v. United States, 523 U.S. 224 (1998), has squarely rejected Hunter's constitutional theory. See United States v. Booker, 543 U.S. 220, 244 (2005) (holding that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by a plea of guilty . . . must be admitted by the defendant or proved to a jury beyond a reasonable doubt") (emphasis added). In Almendarez-Torres, the Court noted that "recidivism . . . is a traditional, if not the most traditional basis for a sentencing court's increasing an offender's sentence." 523 U.S. at 243. As such, the government need not charge the fact of an earlier conviction in the indictment. Id. at 226-27.

For his part, Hunter relies heavily on Apprendi v. New Jersey, 530 U.S. 466 (2000), asserting that Apprendi requires that the state charge in an indictment and prove to a jury – beyond a reasonable doubt – the facts related to a prior conviction. Far from proving his point, however, Apprendi forecloses Hunter's argument. 530 U.S. at 476 ("Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proven beyond a reasonable doubt.") (emphasis

added).[1]  As noted above, <u>Booker</u> recently reaffirmed this recidivism exception to the Court's recent Sixth Amendment jurisprudence.  <u>See</u>  543 U.S. at 244.  And, of course, this court continues to apply the exception. <u>United States v. Moore</u>, 401 F.3d 1220, 1223-24 (10th Cir. 2005); <u>see also</u> <u>United States v. Delacruz-Soto</u>, 414 F.3d 1158, 1164 n.2 (10th Cir. 2005) (noting that <u>Almendarez-Torres</u> forecloses argument that a jury, not the sentencing court, must find that defendant had prior convictions).

## III.    Conclusion

Because Hunter cannot make a "substantial showing of the denial of a constitutional right," we DENY his request for a COA and DISMISS his petition.


ENTERED FOR THE COURT


David M. Ebel
Circuit Judge

---

[1]<u>Apprendi</u> mentioned the possibility that "<u>Almendarez-Torres</u> was incorrectly decided," 530 U.S. at 489, and other members of the Court have since seconded this concern, <u>see</u> <u>Shepard v. United States</u>, 544 U.S. 13, 27 (2005) (Thomas, J., concurring in the judgment) (noting that "<u>Almendarez-Torres</u> . . . has been eroded . . . and a majority of the Court now recognizes that [it] was wrongly decided").  Despite the Court's cadre of doubting Thomases, it has continually reaffirmed the recidivism exception announced in <u>Apprendi</u>.  <u>See</u> <u>Booker</u>, 543 U.S. at 244.  The Supreme Court may overrule <u>Almendarez-Torres</u> some day, but we may not "presume to do so for the Court." <u>United States v. Moore</u>, 401 F.3d 1220, 1224 (10th Cir. 2005).