FILED
United States Court of Appeals
Tenth Circuit

August 25, 2008

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

PATRICK ALAN THOMPSON,

   Petitioner-Appellant,

  v.

DAVID R. McKUNE, Warden,
Lansing Correctional Facility;
ATTORNEY GENERAL OF
KANSAS,

   Respondents-Appellees.

No. 08-3038

(D. of Kan.)

(D.C. No. 07-CV-3115-JTM)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **LUCERO**, **TYMKOVICH**, and **HOLMES**, Circuit Judges.[**]

  Patrick Alan Thompson was convicted in Kansas state court of aggravated

burglary, theft, and driving with a suspended or revoked license, and his

conviction was affirmed on appeal. Proceeding pro se,[1] Thompson seeks a

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

[1] Because Thompson proceeds pro se, we review his pleadings and filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Hall v. Bellmon*,

(continued...)

certificate of appealability (COA) to challenge the district court's denial of habeas corpus relief under 28 U.S.C. § 2254. In support of his petition, he argues the following: (1) the trial court erroneously denied his motion to suppress evidence, (2) insufficient evidence exists to support his conviction for aggravated burglary, (3) the trial court erred in computing his sentence, (4) the trial court erred by not submitting to the jury the question of whether he had prior convictions, and (5) his sentence is unconstitutional under *Cunningham v. California*, 549 U.S. 270 (2007).

For substantially the same reasons provided by the district court, we conclude Thompson is not entitled to relief on any claim. We therefore DENY his request for a COA.

## I. BACKGROUND

At about one in the morning, Officer Gregory Turney noticed a Ford Escort traveling without illuminated headlights. Turney conducted a traffic stop and questioned the driver, Thompson. Because Thompson behaved suspiciously and admitted he did not own the car, Turney believed he had stolen it. Turney and another officer checked the car's registration and confirmed it was stolen.

Thompson was charged with aggravated burglary, theft, and driving with a suspended or revoked license. A jury convicted him on all three counts.

[1](...continued)
935 F.2d 1106, 1110 (10th Cir. 1991).

Thompson appealed his sentence and conviction, the Kansas Court of Appeals affirmed, and the Kansas Supreme Court denied review. He also unsuccessfully sought state habeas relief. Thompson then filed a habeas petition in federal court. After the court denied him relief, he filed this timely petition for a COA.

## II. DISCUSSION

To obtain a COA, Thompson must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In particular, the petitioner must make a substantial showing that the state court's decision "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). This standard is satisfied by demonstrating that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). "[A] claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail." *Miller-El*, 537 U.S. at 338.

## A.     Suppression Motion

Thompson first argues the trial court erred in denying his motion to suppress evidence. State prisoners, however, are not entitled to federal habeas relief for alleged violations of the Fourth Amendment exclusionary rule "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim." *Stone v. Powell*, 428 U.S. 465, 494 (1976).

Here, the record indicates that the state provided Thompson an opportunity for full and fair litigation of his claim. The trial court held a hearing on Thompson's motion to suppress and the issue was fully briefed and reviewed on appeal. Because Thompson's claim was fully and fairly litigated, we deny him a COA on this issue.

## B.    Sufficiency of the Evidence

Thompson argues insufficient evidence exists to support his conviction for aggravated burglary. When evaluating the sufficiency of the evidence, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

Here, the Kansas Court of Appeals reasonably rejected Thompson's claim. The court explained,

> When the sufficiency of the evidence is challenged in a criminal case, the standard of review is whether, after review of all the evidence, viewed in the light most favorable to the prosecution,

the appellate court is convinced that a rational factfinder could have found the defendant guilty beyond a reasonable doubt. *State v. Calvin*, 279 Kan. 193, 198, 105 P.3d 710 (2005).

It was uncontroverted that Thompson was found in possession of items from a purse belonging to one of the owners of the Escort. This owner testified to being "100-percent sure" that prior to Thompson's possession of it, her purse had been in the living area of the residence. Her husband recalled her carrying the purse into the house. The owners of the Escort also could not account for the mud inside their garage. Viewing this evidence in a light most favorable to the prosecution, a rational factfinder could have found Thompson guilty of aggravated burglary beyond a reasonable doubt.

*State v. Thompson*, No. 93,322, 2006 WL 399126, at *4–5 (Kan. Ct. App. Feb. 17, 2006) (internal quotation marks and alterations omitted).

We conclude the Kansas Court of Appeals applied the correct standard of review to the case, and its decision is supported by the record. Because the state court's decision is not contrary to or an unreasonable application of *Jackson*, 443 U.S. at 319, we deny Thompson a COA on this claim.

## C. Incorrectly Calculated Sentence

Thompson next argues the trial court incorrectly calculated his sentence by failing to consider his objection to his criminal history. As a general rule, federal habeas relief is not available for errors in the interpretation of state sentencing law. *See Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991). However, a state court's arbitrary disregard of the state sentencing law and imposition of an unauthorized sentence may violate the defendant's due process rights. *See Hicks*

*v. Oklahoma*, 447 U.S. 343, 346 (1980); *see also Whalen v. United States*, 445 U.S. 684, 689–90 n.4 (1990).

Here, the Kansas Court of Appeals did not arbitrarily disregard state sentencing law.  The court reasonably concluded that Thompson's challenge was moot; even if the trial court erred, it would not have affected the length of Thompson's sentence.[2]  Because the Kansas Court of Appeals' decision was not

---

[2] As the Kansas Court of Appeals explained,

> Thompson first contends that the trial court erred in ruling that his objections to four convictions in his criminal history were moot.  At sentencing, Thompson's appointed counsel agreed with the trial court's observation that Thompson had 31 prior convictions and a criminal history of "A" apart from the prior convictions Thompson specifically challenged.  On appeal, Thompson similarly does not claim this court's ruling would affect his sentence in any way.  As a result, this issue is moot on appeal.  *See Smith v. Martens*, 279 Kan. 242, 244, 106 P.3d 28 (2005) (a judicial tribunal only determines "real controversies relative to the legal rights of persons . . . which are actually involved in the particular case").

> Thompson cites *State v. Welty*, 33 Kan. App. 2d 122, 98 P.3d 664 (2004), but that case does not change the result.  As this court in *Welty* observed: "If a mistake is made in a PSI criminal history report . . . the mistake is not etched in stone for the remainder of time."  33 Kan. App. 2d at 126.  Thompson's counsel at sentencing suggested the contested prior convictions may become material if the criminal history statutes are amended in the future, but at such time Thompson would not be barred from contesting the prior convictions.  Collateral estoppel applies only if "the existence of a particular conviction has been determined on the merits by a court."  33 Kan. App. 2d at 126.  Because the issue was moot, the district court in this case did not determine the existence of the four prior convictions on the merits.

*Thompson*, 2006 WL 399126, at *5.

<span style="text-align:right;">(continued...)</span>

-6-

contrary to or an unreasonable application of federal law, we deny Thompson a COA on this claim.

**D.    Application of Criminal History**

Thompson next argues the trial court erred in not submitting to the jury the question of whether he had prior convictions.

Federal law, however, does not require judges to submit this question to the jury. "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000); *see also Blakely v. Washington*, 542 U.S. 296, 301 (2004) (same); *Hunter v. Werholtz*, 505 F.3d 1080, 1082 (2007) (holding *Apprendi* does not require a state to prove beyond a reasonable doubt facts related to prior convictions). Because Kansas's use of Thompson's prior convictions to increase his sentence does not violate *Apprendi*, we deny Thompson a COA on this issue.

**E.    Cunningham v. California**

Thompson nonetheless argues the trial court's failure to submit his criminal record to the jury violates *Cunningham v. California*, 127 S. Ct. 856 (2007). In *Cunningham*, the Court struck down California's determinate sentencing law

---

[2](...continued)

because it assigned to the trial judge, not to the jury, the authority to find facts that expose a defendant to an elevated sentence. *Id.* at 860.

Even assuming *Cunningham* retroactively applies to Thompson's case, his sentence is still constitutional. The Court in *Cunningham* struck down California's law because it permitted the judge to find facts—other than the existence of prior convictions—permitting an elevated sentence. *Id.* at 871. The Court reemphasized that the Constitution does not require juries to determine the existence of prior convictions. *Id.* at 868. ("Except for a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.") Therefore, the sentencing judge did not violate *Cunningham* by refusing to submit Thompson's criminal record to the jury. Because the sentencing judge's decision is not contrary to or an unreasonable application of *Cunningham*, we deny Thompson a COA on this claim.

### III. CONCLUSION

For the reasons set forth above, we DENY Thompson's petition for a COA.

Entered for the Court,


Timothy M. Tymkovich
United States Circuit Judge