**FILED**
                                              **United States Court of Appeals**
                                                          **Tenth Circuit**

                                                          **June 10, 2011**
        **UNITED STATES COURT OF APPEALS**   **Elisabeth A. Shumaker**
                                                          **Clerk of Court**
                      **TENTH CIRCUIT**

UNITED STATES OF AMERICA,

         Plaintiff-Appellee,                  No. 10-1285

    v.                                (D. of Colo.)

JUNIOR RAY MONTOYA,         (D.C. No. 05-CR-141-MSK)

         Defendant-Appellant.

# ORDER AND JUDGMENT[*]

Before **O'BRIEN**, **McKAY**, and **TYMKOVICH**, Circuit Judges.[**]

    Junior Ray Montoya, a federal prisoner, appeals his sentence on two grounds. First, he contends his sentencing enhancement on the basis of a prior conviction was constitutionally unsound. And second, Montoya asserts the district court committed procedural error in improperly calculating the advisory Sentencing Guidelines range.

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

Montoya's counsel, finding no meritorious basis for an appeal, moves to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967).  Having jurisdiction under 28 U.S.C. § 1291, we GRANT counsel's motion to withdraw and DISMISS Montoya's appeal.

## I.  Background

Montoya was arrested for his role in a conspiracy to distribute crack cocaine.  He was charged with one count of conspiracy to distribute a controlled substance, in violation of 21 U.S.C. § 846, and two counts of distribution of a controlled substance, in violation of 21 U.S.C. § 841(a)(1).  Following two separate jury trials, Montoya was convicted of all three counts.  He was initially sentenced to 240 months' incarceration for each count, to run concurrently.

Montoya appealed his conviction and sentence in *United States v. Hutchinson*, 573 F.3d 1011 (10th Cir. 2009).  He raised several claims of error, including an argument that he improperly received a sentencing enhancement on the conspiracy count based on the district court's finding of a prior conviction. Montoya contended the existence of a prior conviction is a fact that must be alleged in the indictment and proven to a jury.  Another panel of this court rejected this argument, observing that the Supreme Court's decision in *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), permits the fact of a prior conviction to be found by the court instead of a jury for sentencing

purposes. *Hutchinson*, 573 F.3d at 1032 n.4. The panel ultimately affirmed Montoya's conviction but remanded for resentencing on the distribution counts.

At resentencing, Montoya acknowledged that our panel opinion rejected his challenge to the sentencing enhancement, but he preserved the issue for future appeal. He also objected for the first time to the district court's consideration of the drugs sold by co-conspirators as "relevant conduct" for the distribution counts. The district court found no merit to this argument. As such, the relevant conduct included the sale of 4.5 kilograms of crack cocaine, resulting in a guidelines range of 135 to 168 months' incarceration. But after consideration of the factors set forth in 18 U.S.C. § 3553(a), the court chose to impose a downward variance, resulting in a sentence of 21 months' incarceration for each distribution count, to run concurrently with the 240 month sentence for the conspiracy count.

Following Montoya's timely notice of appeal, his counsel filed an *Anders* brief explaining that, after reviewing the record and completing the necessary research, he determined the appeal had no merit. Montoya's counsel requested permission to withdraw. Montoya was granted additional time to respond to the brief. After the expiration of two deadlines, Montoya filed a letter asking that we appoint new counsel to represent him in this appeal and grant him additional time for the new counsel to file an addendum to the *Anders* brief. The government filed a notice of its intention not to file an answer brief.

## II. Discussion

Under *Anders v. California*, 386 U.S. 738, defense counsel may "request permission to withdraw where counsel conscientiously examines a case and determines that any appeal would be wholly frivolous." *United States v. Calderon*, 428 F.3d 928, 930 (10th Cir. 2005). If counsel makes that determination, he may "submit a brief to the client and the appellate court indicating any potential appealable issues based on the record." *Id.* The client may also submit arguments to the court in response. We must then fully examine the record "to determine whether defendant's claims are wholly frivolous." *Id.* If we find they are, we will dismiss the appeal.

The *Anders* brief submitted by Montoya's counsel raises two issues on appeal. First, Montoya reasserts his challenge to the sentencing enhancement for a prior conviction. Second, he contends the district court erred in calculating the advisory Sentencing Guideline range.

### A. Sentencing Enhancement for the Conspiracy Conviction

Montoya once again argues the sentencing enhancement was improper, because the existence of his prior conviction was not determined by a jury. But, as discussed above, a panel of this court has already ruled against Montoya on this issue.

"[T]he decision of the appellate court establishes the law of the case and ordinarily will be followed by both the trial court on remand and the appellate

-4-

court in any subsequent appeal." *Rohrbaugh v. Celotex Corp.*, 53 F.3d 1181, 1183 (10th Cir. 1995). This doctrine is "based on sound public policy that litigation should come to an end and is designed to bring about a quick resolution of disputes by preventing continued re-argument of issues already decided." *United States v. Alvarez*, 142 F.3d 1243, 1247 (10th Cir. 1998) (quotation omitted). We will therefore not disturb the original panel's decision "unless the evidence on a subsequent trial was substantially different, controlling authority has since made a contrary decision of the law applicable to such issues, or the decision was clearly erroneous and would work a manifest injustice." *United States v. Monsisvais*, 946 F.2d 114, 117 (10th Cir. 1991) (quotation omitted).

We find the circumstances at hand do not justify a departure from the law of the case. The panel's decision was not erroneous; it is clear that *Almendarez-Torres* forecloses Montoya's claim. *See United States v. Booker*, 543 U.S. 220, 244 (2005) (reaffirming that "[a]ny fact (*other than a prior conviction*) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty . . . must be admitted by the defendant or proved to a jury beyond a reasonable doubt" (emphasis added)); *see also Hunter v. Werholtz*, 505 F.3d 1080, 1082 (10th Cir. 2007) ("In *Almendarez-Torres,* the Court noted that recidivism . . . is a traditional, if not the most traditional basis for a sentencing court's increasing an offender's sentence. As such, the government need not charge the fact of an earlier conviction in the indictment."

(quotation and citation omitted)).  And there has been no intervening case law undermining the holding of *Almendarez-Torres* since the panel issued its decision. We therefore defer to the original panel's findings and affirm the sentencing enhancement.

**B.  Sentencing Guidelines Range for the Distribution Convictions**

Montoya also asserts the district court erred in calculating the guidelines range for his distribution sentences.  He raises two specific claims of error.

### 1.  Determination of Relevant Conduct

First, Montoya contends the district court improperly considered the drugs sold by his co-conspirators as "relevant conduct" in calculating the guidelines range for the distribution counts.

Ordinarily, the sentencing court's application of the Guidelines is subject to de novo review.  *United States v. Kristl*, 437 F.3d 1050, 1054 (10th Cir. 2006). But because Montoya failed to raise this issue in the original sentencing hearing, we review only for plain error.  *United States v. Trujillo–Terrazas*, 405 F.3d 814, 817 (10th Cir. 2005).  To establish plain error, Montoya must demonstrate the district court (1) committed error, (2) the error was plain, and (3) the plain error affected his substantial rights.  *United States v. Cotton*, 535 U.S. 625, 631 (2002). If these factors are met, we may exercise discretion to correct the error if (4) it seriously affects the fairness, integrity, or public reputation of judicial proceedings.  *Id.* at 631–32.

We need not consider whether the district court's calculation of the guidelines range was erroneous, because Montoya's claim fails on the third prong of plain error review. That is, even if the calculation was improper, the error did not affect Montoya's substantial rights.

As discussed above, the district court rejected Montoya's argument that the actions of his co-conspirators should not be taken into account in calculating his distribution sentences. Consideration of these additional drug sales resulted in a guidelines range of 135 to 168 months' incarceration. But the court chose to downwardly vary and impose a sentence of 21 months' incarceration for each distribution count, to run concurrently with the 240-month sentence for the conspiracy count.

This lowered sentence was consistent with the guidelines range that would have applied if the court had adopted Montoya's argument and excluded the conduct of co-conspirators. In addition, because the distribution sentences were set to run concurrently to the 240-month conspiracy sentence, this calculation was largely an academic exercise; the distribution counts did not have the practical effect of increasing Montoya's sentence at all. Thus, even if the court's calculation of the guidelines range was erroneous, it did not have any impact on Montoya's sentence.

## 2.  Choice of Guidelines Manual

Montoya makes a second argument that the district court erred in calculating the guidelines range.  He asserts the district court violated the *ex post facto* clause by applying a version of the Guidelines that post-dated his criminal acts.  Again, because Montoya did not raise this claim below, we review only for plain error.  *Trujillo–Terrazas*, 405 F.3d at 817.

"A sentencing court is generally required to apply the Guidelines that are in effect on the date the defendant is sentenced."  *United States v. Gerber*, 24 F.3d 93, 95 (10th Cir. 1994); *see also* USSG § 1B1.11(a).  However, "the *ex post facto* clause bars the sentencing court from retroactively applying an amended guideline provision when that amendment disadvantages the defendant."  *United States v. Thompson*, 518 F.3d 832, 870 (10th Cir. 2008) (quotation omitted); *see also* USSG § 1B1.11(b)(1).

Montoya notes the district court used a post-2004 version of the Guidelines, resulting in a guidelines range of 135 to 168 months' incarceration for each distribution count.  But, he points out, application of the version in place at the time that he sold drugs would have resulted in a range of 92 to 115 months.  The district court's use of the more recent version would therefore have disadvantaged Montoya if it had imposed a sentence within the recommended range.

However, as discussed above, the district court chose to impose a downward variance and sentenced Montoya to only 21 months' incarceration for

-8-

each count.  Because this sentence is far below the range recommended by either version of the Guidelines, Montoya suffered no disadvantage.  Montoya is thus unable to show a sentencing error.  We further note that this claim also fails to satisfy the third prong of plain error review, as Montoya cannot establish that the district court's use of the more recent Guidelines had any effect on the length of his sentence.  We therefore affirm Montoya's distribution sentences.

### III.  Conclusion

We conclude no meritorious appellate issue exists.  Accordingly, we GRANT counsel's motion to withdraw and DISMISS Montoya's appeal. Montoya's motion requesting appointment of new counsel and time for additional briefing is DENIED.

ENTERED FOR THE COURT

Timothy M. Tymkovich
Circuit Judge